**PHILIP E. KOEBEL, Esq.  [Cal. SBN 249899]**
**Post Office Box 94799**
**Pasadena, CA  91109-4799**
Ofc:   1015 N. Lake Ave., Ste. 210
          Pasadena, CA  91104
Tel:   (626) 629-8199
Fax:   (626) 410-1149
Eml:  LawOfPEK@gmail.com

Attorney for Debtor, Codebtor
ANTHONY GUEVARA, CHRISTINE GUEVARA

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ANTHONY GUEVARA,<br><br>   Debtor.<br>_____<br><br>ANTHONY GUEVARA,<br>CHRISTINE GUEVARA,<br><br>   Plaintiffs,<br><br>   vs.<br><br>BOSCO CREDIT LLC,<br>PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA, SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, KATIE STRALEY,<br><br>   Defendants. | Bankruptcy No.: 1:12-bk-18890-AA<br>                     *Filed 10/07/2012*<br><br>Adversary No.: _____<br>                     *Filed 05/06/2014*<br><br>**COMPLAINT FOR DAMAGES FROM STAY VIOLATIONS:**<br><br>1. CODEBTOR STAY VIOLATIONS [11 U.S.C. § 1301];<br>2. AUTOMATIC STAY VIOLATIONS [11 U.S.C. § 362];<br>3. CIVIL RIGHTS VIOLATIONS UNDER COLOR OF AUTHORITY OF LAW [42 U.S.C. §§ 1983, 1988]<br><br>*Hon. Alan M. Ahart*<br>*21041 Burbank Blvd., 3rd Fl.*<br>*Woodland Hills, CA  91367-6606*<br><br>**<u>JURY TRIAL DEMANDED</u>** |

# I.

# JURISDICTION AND VENUE

1.1. This adversary proceeding (hereinafter "the Action") is a core proceeding as the claims for relief arise under 11 U.S.C. §§ 101-1330 (hereinafter "the Code"). Any ancillary federal law claims not arising under the Code are inextricably intertwined with claims arising under the Code. Likewise, any state law claims are inextricably intertwined with claims arising under the Code and this court has supplemental jurisdiction.

1.2. The bankruptcy court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, Stern v. Marshall, 131 S.Ct. 2594 (2011), In re Bellingham Ins. Agency, Inc., 702 F.3d 553 (9th Cir. 2012) and by reference from the United States District Court, Central District of California. General Order No. 266 (1984), as amended by General Order No. 269 (1985) and General Order No. 266-A (1995).

1.3. Plaintiffs consent to entry of final orders or judgments by the bankruptcy court of state law claims. Stern v. Marshall, 131 S.Ct. 2594 (2011).

1.4. Plaintiffs consent to entry of final orders or judgments by the bankruptcy court of federal law claims. In re Bellingham Ins. Agency, Inc., 702 F.3d 553 (9th Cir. 2012).

1.5. If any necessary party does not consent, expressly or impliedly, to the entry of final orders or judgments by the bankruptcy court, NOTICE IS HEREBY GIVEN that Plaintiffs shall move for good cause for the United States District Court to withdraw the reference of this adversary proceeding and/or this entire bankruptcy case pursuant to Article III of the U.S. Constitution, 28 U.S.C. § 157(d), rule 5011 of Fed. Rules of Bankr. P., rule 9 (5011-9) of Local Rules Governing Bankruptcy Appeals, Cases and Proceedings, and rule 5011-1 of Local Bankruptcy Rules.

1.6. Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409 and by reference.

1.7. Plaintiffs demand a jury trial.

## II.
## STATEMENT OF THE CASE

2.1. ANTHONY GUEVARA (hereinafter "Debtor" or "Plaintiff") and his spouse CHRISTINE GUEVARA (aka Christine Sabean Guevara) ("Codebtor" or "Plaintiff") bring this action against the Defendants for willful violations of automatic stays applicable to all entities under 11 U.S.C. § 1301 ("Codebtor Stay") that arose upon the filing on July 6, 2011 of a Chapter 13 case for the Debtor 2:11-bk-39083-VZ until that case was dismissed on May 17, 2012 and further related violations of the Automatic Stay under 11 U.S.C. § 362 ("Automatic Stay") and Codebtor Stay that arose upon the filing on October 7, 2012 of the Chapter 13 case 1:12-bk-18890-AA, which is currently active.

2.2. Notice of these violations was served upon the Defendants on January 20, 2014 and filed concurrently in bankruptcy cases 2:11-bk-39083-VZ, 1:12-bk-18890-AA and Los Angeles Superior Court case #PC049768. The Notice provided a detailed description of each violation and advised the Defendants:

> *All actions in violation of the bankruptcy stays were and are void without legal force or effect. Parties that have violated the bankruptcy stays are under an affirmative duty to remedy. Parties violating the bankruptcy stays must cease and desist their violations of federal law.*

[1:12-bk-18890-AA, Doc 18, Entered 01/20/14].

2.3. Defendants have failed to fulfill their affirmative duties to remedy the stay violations and are liable to Plaintiffs for actual and punitive damages.

# III.
# PARTIES

3.1. Debtor and Plaintiff ANTHONY GUEVARA is the Debtor in the current bankruptcy case 1:12-bk-18890-AA and he was the Debtor in the prior case 2:11-bk-39083-VZ. At all times relevant to this Action, he has been married to his spouse, Codebtor and Plaintiff CHRISTINE GUEVARA. At all times relevant to this Action, he has resided in Los Angeles County.

3.2. Codebtor and Plaintiff CHRISTINE GUEVARA is the Codebtor in the current bankruptcy case 1:12-bk-18890-AA and she was the Codebtor in the prior case 2:11-bk-39083-VZ. At all times relevant to this Action, she has been married to her spouse, Debtor and Plaintiff ANTHONY GUEVARA. At all times relevant to this Action, she has resided in Los Angeles County.

3.3. Defendant BOSCO CREDIT LLC is a Delaware limited liability company.

3.4. Defendant PROBER & RAPHAEL A LAW CORPORATION is a California professional corporation.

3.5. Defendant DEAN PROBER is a California licensed attorney.

3.6. Defendant EITAN YEHOSHUA is a California licensed attorney.

3.7. Defendant SONOMA COUNTY SHERIFF'S OFFICE is a California government agency.

3.8. Defendant STEVE FREITAS is the Sheriff-Coronor of Sonoma County and he is sued individually and in his official capacity.

3.9. Defendant KATIE STRALEY is in charge of the Civil Management Bureau of the Sonoma County Sheriff's Office and she is sued individually and in her official capacity.

**COMPLAINT FOR DAMAGES FROM STAY VIOLATIONS**

# IV.
# STATEMENT OF FACTS

## A.
## SECOND MORTGAGE AND FORECLOSED PROPERTY

4.1. Debtor and Codebtor owned a home at 22110 Pamplico Drive, Santa Clarita, CA 91350 ("Subject Real Property"). It was encumbered by a first mortgage and a second mortgage. The second mortgage is the subject of this Action.

4.2. The second mortgage note was executed by CHRISTINE GUEVARA, but it was secured by a second deed of trust against "ANTHONY GUEVARA AND CHRISTINE GUEVARA, HUSBAND AND WIFE AS JOINT TENANTS."

4.3. On August 29, 2006, the second deed of trust securing a second mortgage note for $80,000.00 was recorded with the County of Los Angeles as instrument # 20061923378.

4.4. The second deed of trust was assigned along with the second note by the original lender to BOSCO CREDIT LLC by virtue of an Assignment of Deed of Trust recorded with the County of Los Angeles on July 27, 2008 as instrument # 20081151197.

4.5. On or about July 20, 2009, a purported assignee of the first mortgage foreclosed upon the Subject Real Property by credit bid.

4.6. Plaintiffs are informed and believe and thereon allege that when the first mortgage foreclosed the holder of the second mortgage was left with no action under California law.

4.7. Nevertheless, on or about December 8, 2010, BOSCO CREDIT LLC filed a collection action in Los Angeles Superior Court on the second mortgage against the Codebtor CHRISTINE GUEVARA with case # PC049768.

**COMPLAINT FOR DAMAGES FROM STAY VIOLATIONS**

4.8. On August 9, 2011, Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, and DEAN PROBER caused a default judgment to be entered against the Codebtor in violation of Section 1301 in effect under 2:11-bk-39083-VZ. Defendants committed other stay violations under 2:11-bk-39083-VZ.

4.9. Defendants levied upon, and continue to garnish, Codebtor's wages in violation of current bankruptcy stays – the Codebtor stay and the Automatic Stay as it applies to property of the bankruptcy estate – in effect under 1:12-bk-18890-AA.

## B.
## STAYS ARISING UNDER 2:11-BK-39083-VZ

4.10. <u>Chapter 13 Bankruptcy Petition Filed</u>. On July 6, 2011, Debtor ANTHONY GUEVARA filed Chapter 13 bankruptcy case 2:11-bk-39083-VZ.

4.11. <u>Notice of Bankruptcy</u>. The Petition included a list of creditors that included the Defendant BOSCO CREDIT LLC at its address in New Jersey and care of its attorneys Defendant PROBER & RAPHAEL A LAW CORPORATION at their location in Woodland Hills, California [2:11-bk-39083-VZ, Doc 1, Page 13, Entered 07/06/11]. Also listed as a creditor was Franklin Credit Management Corp., the agent for Defendant BOSCO CREDIT LLC [2:11-bk-39083-VZ, Doc 1, Page 15, Entered 07/06/11].

4.12. The order of relief initiated the Automatic Stay under 11 U.S.C. § 362 as to the Debtor ANTHONY GUEVARA and as to property of the bankruptcy estate as defined by 11 U.S.C. §§ 541, 1306.

4.13. The order of relief also initiated the Codebtor Stay under 11 U.S.C. § 1301 as to Codebtor CHRISTINE GUEVARA.

4.14. On July 20, 2011, the Debtor filed schedules and statements with the court. Listed on Schedule D was the subject second mortgage [2:11-bk-39083-VZ, Doc 8, Page 9, Entered 07/20/11].

4.15. On August 5, 2011, by operation of 11 U.S.C. § 362 (c)(3), the Automatic Stay terminated with respect to the Debtor ANTHONY GUEVARA only.

4.16. However, the Automatic Stay did not terminate with respect to property of the bankruptcy estate.

4.17. The Codebtor Stay did not terminate.

4.18. On or about October 5, 2011, Franklin Credit Management Corp. on behalf of Defendant BOSCO CREDIT LLC filed Claim #6 in bankruptcy case 2:11-bk-39083-VZ for the amount of $97,846.61.

4.19. On May 17, 2012, the bankruptcy court dismissed bankruptcy case 2:11-bk-39083-VZ [2:11-bk-39083-VZ, Doc 35, Entered 05/17/12]. The court explicitly retained jurisdiction over matters arising under Section 362, but not under Section 1301. *Expressio unius est exclusion alterius.*

C.

STAYS ARISING UNDER 1:12-BK-18890-AA

4.20. On October 7, 2012, the Debtor filed a voluntary Chapter 13 bankruptcy petition with case # 1:12-bk-18890-AA.

4.21. Defendant BOSCO CREDIT LLC was listed as a creditor on the petition [1:12-bk-18890-AA, Doc 1, Page 13, Entered 10/07/12] and on the schedules [1:12-bk-18890-AA, Doc 1, Page 16-17, Entered 10/23/12].

4.22. The order of relief initiated the Automatic Stay as to the Debtor. On November 6, 2012, by operation of 11 U.S.C. § 362 (c)(3), the Automatic Stay terminated with respect to the Debtor.

4.23. The order of relief initiated the Automatic Stay as to Property of the Bankruptcy Estate as defined by 11 U.S.C. §§ 541, 1306. The Automatic Stay has not terminated with respect to property of the bankruptcy estate

4.24. The order of relief initiated the Codebtor Stay. The Codebtor stay has not terminated.

4.25. The court confirmed the Chapter 13 plan and the case remains active.

## V.
## STAY VIOLATIONS

5.1. STAY VIOLATION # 1 [2:11-bk-39083-VZ, 08/09/2011]:
On or about August 9, 2011, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER, ESQ. caused the Los Angeles Superior Court to enter a default judgment against CHRISTINE GUEVARA in case # PC049768.

5.2. STAY VIOLATION # 2 [2:11-bk-39083-VZ, 03/29/2012]:
On or about March 29, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused a Memorandum of Costs to be filed in case # PC049768.

5.3. STAY VIOLATION # 3 [2:11-bk-39083-VZ, 03/29/2012]:
On or about March 29, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL, A LAW CORPORATION and DEAN PROBER caused a Notice of Entry of Judgment to be filed in case # PC049768.

5.4. STAY VIOLATION # 4 [2:11-bk-39083-VZ, 03/29/2012]:
On or about March 29, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused a Writ of Execution to be issued case # PC049768 to the Los Angeles County Sheriff's Department.

5.5    STAY VIOLATION # 5 [2:11-bk-39083-VZ, 03/29/2012]:

On or about March 29, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused an Abstract of Judgment to be issued in case # PC049768.

5.6.    STAY VIOLATION # 6 [2:11-bk-39083-VZ, 04/02/2012]:

On or about April 2, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused an Abstract of Judgment to be recorded with the County of Los Angeles as instrument # 20120497248.

5.7.    STAY VIOLATION # 7 [2:11-bk-39083-VZ, 04/23/2012]:

On or about April 23, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused a Memorandum of Costs to be filed in case # PC049768.

5.8.    STAY VIOLATION # 8 [2:11-bk-39083-VZ, 04/23/2012]:

On or about April 23, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused a Writ of Execution to be issued in case # PC049768 to Sonoma County Sheriff-Coroner STEVE FREITAS and the SONOMA COUNTY SHERIFF'S OFFICE.

5.9.    STAY VIOLATION # 9 [1:12-bk-18890-AA, 02/28/2013]:

On or about February 28, 2013, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and EITAN YEHOSHUA caused a Memorandum of Costs to be filed in case # PC049768.

5.10.    STAY VIOLATION # 10 [1:12-bk-18890-AA, 02/28/2013]:

On or about February 28, 2013, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and EITAN YEHOSHUA caused a Writ of Execution to be issued in case # PC049768 to Sonoma

County Sheriff-Coroner STEVE FREITAS and the SONOMA COUNTY SHERIFF'S OFFICE.

5.11. STAY VIOLATION # 11 [1:12-bk-18890-AA, 04/27/2013]:

On or about April 27, 2013, Sonoma County Sheriff-Coroner STEVE FREITAS and the SONOMA COUNTY SHERIFF'S OFFICE and KATIE STRALEY, Civil Bureau Manager of Sonoma County Sheriff's Office, caused an Earnings Withholding Order (Wage Garnishment) with a total amount due equal to $109,111.28 to be issued to Codebtor's employer Kohl's Department Stores.

5.12. STAY VIOLATIONS # 12-45 [1:12-bk-18890-AA, 04/28/2013 – 12/27/2013]:

Since April 2013 and through the date of this notice, Codebtor's wages have been levied upon every week. In 2013, Codebtor's wages that were levied upon and garnished totaled $4,510.63. Codebtor's employer has delivered garnished wages to the SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, and KATIE STRALEY, Civil Bureau Manager of Sonoma County Sheriff's Office. The garnished wages have been delivered directly or indirectly to BOSCO CREDIT LLC.

5.13. STAY VIOLATION # 46 [1:12-bk-18890-AA, 01/03/2014]:

On January 3, 2014, Codebtor's wages were garnished $149.77 for the pay period beginning on December 22, 2013 and ending on December 28, 2013.

5.14. STAY VIOLATION # 47 [1:12-bk-18890-AA, 01/10/2014]:

On January 10, 2014, Codebtor's wages were garnished $149.77 for the pay period beginning on December 29, 2013 and ending on January 4, 2014.

5.15. STAY VIOLATIONS # 47-64 [1:12-bk-18890-AA, 01/05/2014 – 04/26/2014]:

Codebtor's wages continue to be garnished weekly in amounts as much as $149.77 per week.  Codebtor's wages received in 2014 that were levied

upon and garnished totaled $2,285.60 through her most recent paystub. Codebtor's employer has delivered the garnished wages to the SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS and KATIE STRALEY, Civil Bureau Manager of Sonoma County Sheriff's Office. The garnished wages have been delivered directly or indirectly to BOSCO CREDIT LLC.

5.16. STAY VIOLATIONS # 65+ [1:12-bk-18890-AA, 04/27/2014 – On-going]: Codebtor's wages continue to be garnished weekly in amounts as much as $149.77 per week.

# VI.
## STATEMENT OF CLAIMS

### A.1.
### CODEBTOR STAY VIOLATIONS
### IN CASE 2:11-bk-39083-VZ

6.1. Plaintiffs incorporate herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.2. Codebtor Stay arose upon filing the bankruptcy case.

6.3. Notice of Bankruptcy to Defendants was provided by listing BOSCO CREDIT LLC on the petition and their attorneys PROBER & RAPHAEL A LAW CORPORATION. BOSCO CREDIT LLC subsequently filed a claim.

6.4. Willful Violations August 9, 2011 thru April 24, 2012. Stay violations #1-8 were committed by Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, and DEAN PROBER when they had received notice of the bankruptcy.

6.5. Declare Actions Void *ab initio*. The actions in violation of the stays were void *ab initio* not voidable.

6.6. Notice of Violations on January 20, 2014. Defendants were provided notice of the stay violations on or about January 20, 2014.

6.7. Defendants Failed their Affirmative Duty to Cure or Remedy. Defendants took no action whatsoever to remedy or cure the stay violations.

6.8. Damages. The Codebtor has experienced loss of wages and public and employment embarrassment leading to emotional distress as a result of the stay violations. The Bankruptcy Estate has been depleted.

## A.2.
## CODEBTOR STAY VIOLATIONS
## IN CASE 1:12-bk-18890-AA

6.9. Plaintiffs incorporate herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.10. Codebtor Stay arose upon filing the bankruptcy case.

6.11. Notice of Bankruptcy to Defendants was provided by listing BOSCO CREDIT LLC on the petition and the schedules.

6.12. Willful Violations February 28, 2013 thru Present. Stay violations #9-10 were caused by or committed by Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUAN when they had received notice of the bankruptcy or reasonably should have known about the bankruptcy.

6.13. Stay violations #11-65+ were caused by or committed by Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUAN, SONOMA COUNTY

SHERIFF'S OFFICE, STEVE FREITAS, and KATIE STRALEY when they had received notice of the bankruptcy or reasonably should have known about the bankruptcy.

6.14. Declare Actions Void *ab initio*. The actions in violation of the stays were void *ab initio* not voidable.

6.15. Notice of Violations on January 20, 2014. Defendants were provided notice of the stay violations on or about January 20, 2014.

6.16. Defendants Failed their Affirmative Duty to Cure or Remedy. Defendants took no action whatsoever to remedy or cure the stay violations.

6.17. Damages. The Codebtor has experienced loss of wages and public and employment embarrassment leading to emotional distress as a result of the on-going stay violations. The Bankruptcy Estate has been depleted.

## B.
## AUTOMATIC STAY VIOLATIONS
## AS TO PROPERTY OF BANKRUPTCY ESTATE
## IN CASE 1:12-bk-18890-AA

6.18. Plaintiffs incorporate herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.19. Automatic Stay as to Property of Bankruptcy Estate arose upon filing the bankruptcy case.

6.26. Notice of Bankruptcy to Defendants was provided by listing BOSCO CREDIT LLC on the petition and the schedules.

6.27. Willful Violations April 27, 2013 thru Present. Stay violations #11-65+ were caused by or committed by Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN

YEHOSHUAN, SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, and KATIE STRALEY when they had received notice of the bankruptcy or reasonably should have known about the bankruptcy.

6.28. Declare Actions Void *ab initio*. The actions in violation of the stays were void *ab initio* not voidable.

6.29. Notice of Violations on January 20, 2014. Defendants were provided notice of the stay violations on or about January 20, 2014.

6.30. Defendants Failed their Affirmative Duty to Cure or Remedy. Defendants took no action whatsoever to remedy or cure the stay violations.

6.31. Damages. The Codebtor has experienced loss of wages and public and employment embarrassment leading to emotional distress as a result of the on-going stay violations. The Bankruptcy Estate has been depleted.

## C.
## CIVIL RIGHTS VIOLATIONS
## UNDER COLOR OF AUTHORITY OF LAW

6.32. Plaintiffs incorporate herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.33. Remedies under the Code are not as comprehensive as Congress has intended so the Plaintiffs are required to request additional relief under 42 U.S.C. § 1983, 1988.

6.34. The Codebtor Stay and Automatic Stay as to Property of the Bankruptcy Estate are rights guaranteed to the Plaintiffs by federal law.

6.35. Defendants relied upon enforcement powers that are exclusively available to government agents to violate federal rights held by the Plaintiffs and therefore the Defendants acted under color of law.

6.36. By depriving the Plaintiffs of their rights guaranteed by federal law, Defendants acting under color of law violated and they are violating 42 U.S.C. § 1983 and Defendant is subject to provide relief appropriate to remedy those violations, plus the payment of reasonable attorney fees under 42 U.S.C. § 1988.

## VII.
## JOINT AND SEVERAL LIABILITY OF DEFENDANTS

7.1. Plaintiffs incorporate herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

7.2. Liability of Defendant BOSCO CREDIT LLC. Defendant is liable to Plaintiffs for willful violations of the Codebtor Stay in 2:11-bk-39083-VZ and for the further willful violations of the Automatic Stay as to Property of the Bankruptcy Estate and the Codebtor Stay in 1:12-bk-18890-AA. Defendant is liable for punitive damages for failing to act after they were provided with notice of their violations on January 20, 2014.

7.3. Liability of Defendant PROBER & RAPHAEL A LAW CORPORATION. Defendant is liable to Plaintiffs for willful violations of the Codebtor Stay in 2:11-bk-39083-VZ and for the further violations of the Automatic Stay as to Property of the Bankruptcy Estate and the Codebtor Stay in 1:12-bk-18890-AA. Defendant is liable for punitive damages for failing to act after they were provided with notice of their violations on January 20, 2014.

7.4. Liability of DEAN PROBER. Defendant is liable to Plaintiffs for willful violations of the Codebtor Stay in 2:11-bk-39083-VZ and for the further violations of the Automatic Stay as to Property of the Bankruptcy Estate and the Codebtor Stay in 1:12-bk-18890-AA. Defendant is liable for punitive

damages for failing to act after they were provided with notice of their violations on January 20, 2014.

7.5. Liability of EITAN YEHOSHUAN. Defendant is liable to Plaintiffs for willful violations of the Codebtor Stay in 2:11-bk-39083-VZ and for the further violations of the Automatic Stay as to Property of the Bankruptcy Estate and the Codebtor Stay in 1:12-bk-18890-AA. Defendant is liable for punitive damages for failing to act after they were provided with notice of their violations on January 20, 2014.

7.6. Liability of SONOMA COUNTY SHERIFF'S OFFICE. Defendant is liable to Plaintiffs for enforcing willful violations of the Codebtor Stay in 2:11-bk-39083-VZ and for the further violations of the Automatic Stay as to Property of the Bankruptcy Estate and the Codebtor Stay in 1:12-bk-18890-AA. Defendant is liable for punitive damages for failing to act after they were provided with notice of their violations on January 20, 2014.

7.7. Liability of STEVE FREITAS. Defendant is liable to Plaintiffs for enforcing willful violations of the Codebtor Stay in 2:11-bk-39083-VZ and for the further violations of the Automatic Stay as to Property of the Bankruptcy Estate and the Codebtor Stay in 1:12-bk-18890-AA. Defendant is liable for punitive damages for failing to act after they were provided with notice of their violations on January 20, 2014.

7.8. Liability of KATIE STRALEY. Defendant is liable to Plaintiffs for enforcing willful violations of the Codebtor Stay in 2:11-bk-39083-VZ and for the further violations of the Automatic Stay as to Property of the Bankruptcy Estate and the Codebtor Stay in 1:12-bk-18890-AA. Defendant is liable for punitive damages for failing to act after they were provided with notice of their violations on January 20, 2014.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the court:

1. Take jurisdiction of this case, including jurisdiction over violations arising in bankruptcy case 2:11-bk-39083-VZ;
2. Order that the Codebtor Stay arising in bankruptcy case 2:11-bk-39083-VZ may not be annulled;
3. Order that the Codebtor Stay arising in bankruptcy case 1:12-bk-18890-AA may not be annulled;
4. Order that the Automatic Stay as to property of the Bankruptcy Estate arising in bankruptcy case 1:12-bk-18890-AA may not be annulled;
5. Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, and DEAN PROBER willfully violated the Codebtor Stay in bankruptcy case 2:11-bk-39083-VZ;
6. Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER and EITAN YEHOSHUA willfully violated the Codebtor Stay in bankruptcy case 1:12-bk-18890-AA on or about February 28, 2013;
7. Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA, SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS and KATIE STRALEY willfully violated the Codebtor Stay as to CHRISTINE GUEVARA in bankruptcy case 1:12-bk-18890-AA;
8. Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN

YEHOSHUA, SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS and KATIE STRALEY willfully violated the Automatic Stay as to property of the Bankruptcy Estate in bankruptcy case 1:12-bk-18890-AA;

9. Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA, SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS and KATIE STRALEY willfully violated federal law under color of authority of law;

10. Enter judgment and grant relief ordering that Defendants, each of them jointly and severally, are liable to Plaintiffs for willfully violating the Codebtor Stay and the Automatic Stay as to property of the Bankruptcy Estate and for depriving Plaintiffs of their federal rights under color of authority of law;

11. Order Defendants to cancel written instruments that were void *ab initio*;

12. Enjoin Defendants, their successors in office, agents, employees, and all other persons in active concert and participation with them from taking any actions in violation of the Codebtor Stay and the Automatic Stay as to property of the Bankruptcy Estate;

13. Award Plaintiffs actual damages incurred as a result of Defendants' conduct and to remedy the stay violations, including economic damages, damages for emotional distress, and reasonable attorney fees and legal costs;

14. Award Plaintiffs punitive damages in an amount no less than $109,111.28 – the amount due on the Earnings Withholding Order (Wage Garnishment) dated April 27, 2013 – and order the Defendants to dismiss the underlying collection action – case #PC049768 – with

prejudice for willful stay violations that were not remedied by Defendants after they received notice of the stay violations;

15. Award Plaintiffs their attorney fees and legal costs herein pursuant to 42 U.S.C. § 1988 and any other applicable statute; and

16. Grant such other relief as may be just and proper.

Dated:     May 6, 2014          By:     */s/ PHILIP KOEBEL*
                                        Philip E. Koebel, Esq.
                                        Attorney for Plaintiffs
                                        ANTHONY GUEVARA (Debtor),
                                        CHRISTINE GUEVARA (Codebtor)

**COMPLAINT FOR DAMAGES FROM STAY VIOLATIONS**