Barry S. Glaser, State Bar No. 70968
bglaser@swesq.com
Susan M. Freedman, State Bar No. 153331
sfreedman@swesq.com
**STECKBAUER WEINHART, LLP**
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
213.229.2868 - Telephone
213.229.2870 - Facsimile

Attorneys for Defendants SONOMA COUNTY
SHERIFF'S OFFICE, STEVE FREITAS and
KATIE STRALEY

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ANTHONY GUEVARA,<br><br>        Debtor.<br>_____<br><br>ANTHONY GUEVARA and CHRISTINE GUEVARA,<br><br>        Plaintiffs,<br><br>        v.<br><br>BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA, SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, KATIE STRALEY,<br><br>        Defendants. | Case No. 1:12-bk-18890-AA<br><br>Chapter 13<br><br>Adv No. 1:14-ap-01092<br><br>**DEFENDANTS SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS AND KATIE STRALEY'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR DAMAGES FROM STAY VIOLATIONS**<br><br>**[Request for Judicial Notice filed Concurrently Herewith.]**<br><br>**Hearing Date:**<br>Date: July 9, 2014<br>Time: 11:00 a.m.<br>Place: 21041 Burbank Boulevard<br>        Woodland Hills, CA 91367<br>        Courtroom 303 |

TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY

JUDGE, PLAINTIFFS, PLAINTIFFS' ATTORNEY, CHAPTER 13 TRUSTEE, UNITED

STATES TRUSTEE, AND ALL INTERESTED PARTIES HEREIN:

        **PLEASE TAKE NOTICE** that on July 9, 2014, at 11:00 a.m., or as soon thereafter as the

20007.043/88974.1

1  matter may be heard, at the United States Bankruptcy Court located at 21041 Burbank Boulevard,

2  Woodland Hills, CA 91367, Courtroom 303, Defendants Sonoma County Sheriff's Office, Steve

3  Freitas and Katie Straley (collectively, the "Sheriff Defendants") will and hereby do move for

4  entry of an order dismissing the above-captioned adversary proceeding pursuant to Federal Rule of

5  Civil Procedure 12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012,

6  for Plaintiffs' failure to state a claim for which relief can be granted.

7       **PLEASE TAKE FURTHER NOTICE** that this Motion is based upon this Notice and

8  Motion, the Memorandum of Points and Authorities, the concurrently filed Request for Judicial

9  Notice, the papers and pleadings on file in this case, and such other evidence as may be presented

10  to the Bankruptcy Court.

11       **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

12  1(f), any party opposing the relief sought by the Motion must file a response in writing and such

13  response must be served not less than fourteen (14) days prior to the hearing on the Motion. Any

14  response not timely filed and served may be deemed by the Bankruptcy Court to be consent to the

15  granting of this Motion. If you do not have any objection to the Motion, you need not take any

16  further action.

17  Dated: June 9, 2014                   Respectfully submitted,

18                          **STECKBAUER WEINHART, LLP**

19

20

21                          By:_____

22                              Barry S. Glaser
                            Susan M. Freedman

23                          Attorneys for Defendants SONOMA COUNTY
                        SHERIFF'S OFFICE, STEVE FREITAS and KATIE
                        STRALEY

24

25

26

27

28

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.    PRELIMINARY STATEMENT ................................................................................ 1

II.   BACKGROUND FACTS .......................................................................................... 2

III.  THE ALLEGATIONS OF THIS COMPLAINT .................................................... 3

IV.   THE LEGAL STANDARD APPLICABLE TO A MOTION TO DISMISS
      UNDER RULE 12(b)(6) ........................................................................................... 5

V.    JUDICIALLY NOTICEABLE FACTS CAN ESTABLISH THAT THE
      COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF.................................. 6

VI.   ARGUMENT ............................................................................................................. 7

      A.   Acting as An Arm of the California State Judicial System, the Sheriff
           Defendants Are Entitled to Eleventh Amendment Immunity and the Instant
           Action is Completely Barred by the Doctrine of Sovereign Immunity..................... 7

      B.   The Facts of this Case Clearly Demonstrate that there is No Violation of
           Automatic Stay as to Property of the Bankruptcy Estate in this Case by the
           Sheriff Defendants Under 11 U.S.C. § 362(c)(3)........................................................ 9

      C.   There is No Violation of the Codebtor Automatic Stay by the Sheriff
           Defendants Under 11 U.S.C. § 1301 Pertaining to Debtor's Earlier Chapter
           13 Petition and No Willful Violation Pertaining to the Current (Bad Faith)
           Chapter 13 Proceeding .............................................................................................. 11

      D.   There was No Willful Violation of the Automatic Stay by the Sheriff
           Defendants.................................................................................................................. 12

      E.   Plaintiffs' § 1983 Claim Must Be Dismissed Without Leave As 11 U.S.C §
           362(k) is the Exclusive Means to Assert a Violation of the Automatic Stay,
           and Having Acted As An Arm Of The State, The Sheriff Defendants Are
           Not Persons Who Can Be Sued Under § 1983........................................................... 13

      F.   This Action Must Be Dismissed With Prejudice As To The Sheriff
           Defendants As No Amendment Can Cure The Fact That This Action Is
           Barred In Its Entirety By The Eleventh Amendment .............................................. 14

VII.  CONCLUSION ........................................................................................................ 15

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal,*
129 S.Ct. 1937 (2009) ................................................................. 5

*Balistreri v. Pacifica Police Dept.,*
901 F.2d 696 (9th Cir. 1990) ........................................................ 5

*Barrington v. San Joaquin County Sheriff's Dep't,*
2009 U.S. Dist. LEXIS 15203 (E.D. Cal. Feb. 25, 2009) ...................... 14

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................. 5

*Bosco Credit LLC.., et. al. v. Christine Guevara, et. al.,*
LASC Case No. PC049768 ........................................................ 4

*Branch v. Tunnell,*
(9th Cir. 1994) 14 F.3d 449 ........................................................ 6

*Bryant v. Avado Brands, Inc.*
(11th Cir. 1999) 187 F. 3d 1271, 1281, fn. 16 ................................... 6

*Car Carriers, Inc. v. Ford Motor Co.,*
745 F.2d 1101 (7th Cir. 1984) ...................................................... 5

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ........................................................ 5

*County of L.A. v. Superior Court (Peters),*
68 Cal.App.4th 1166 (1998) ....................................................... 14

*de la Salle v. U.S. Bank, N.A. (In re de la Salle),*
461 B.R. 593 (9th Cir. BAP 2011) ................................................ 11

*Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth),*
455 B.R. 904 (9th Cir. BAP 2011) ................................................ 11

*Estate of Blue,*
*supra,* 120 F.3d at 984 ............................................................... 6

*Harris v. Johnson (In re Harris),*
2011 Bankr. LEXIS 1793 (BAP. 9th Cir. Apr. 7, 2011) ........................ 13

*Hayward Lumber & Inv. Co. v. Biscailuz,*
47 Cal. 2d 716 (1957) ............................................................... 1

*Hoffman v. Connecticut Dept. of Income Maintenance,*
492 U.S. 96 L. Ed. 2d 76 S. Ct. 2818 (1989) .................................. 9

**STECKBAUER WEINHART, LLP**
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel: 213.229.2868 • Fax 213.229.2870

*In re Sumpter,*
    171 B.R. 835 (Bankr. N.D. Ill. 1994) ...................................................................... 8

*Intri-Plex Techs., Inc. v. The Crest Group, Inc.,*
    499 F.3d 1048 (9th Cir. 2007) .............................................................................. 6

*Johnson v. Riverside Healthcare Sys.,*
    534 F.3d 1116 (9th Cir. 2008) .............................................................................. 5

*Knox v. Davis,*
    260 F.3d 1009 (9th Cir. 2001) .............................................................................. 5

*Mullis v. Bankruptcy Ct.,*
    828 F.2d 1385 (9th Cir. 1987) .............................................................................. 6

*O'Rourke v. Seaboard Sur. Co.,*
    887 F.2d 955 (9th Cir. 1989) ................................................................................ 6

*Periera v. Chapman,*
    92 B.R. 903 (C.D. Cal. 1988) .............................................................................. 13

*Scott v. Baldwin,*
    225 F.3d 1020 (9th Cir. 2000) ............................................................................ 15

*Scott v. O'Grady,*
    975 F.2d 366 (7th Cir. Ill. 1992) ....................................................................... 7, 8

*Sternberg v. Johnston,*
    582 F.3d 1114 (9th Cir. Ariz., 2009) ................................................................. 12

*Tracht Gut, LLC v. County of L.A. (In re Tracht Gut, LLC),*
    503 B.R. 804 (BAP 9th Cir. 2014) .................................................................. 1, 14

*Weisbuch v. County of Los Angeles,*
    119 F.3d 778 (9th Cir. 1997) ................................................................................ 6

*Will v. Michigan Dept. of State Police,*
    491 U.S. 58 (1989) ......................................................................................... 9, 14


**STATUTES**

11 U.S.C. § 101(27) ..................................................................................................... 2

11 U.S.C. § 106 ....................................................................................................... 8, 9

11 U.S.C. § 106(a) ........................................................................................................ 9

11 U.S.C. § 106(a)(3) ................................................................................................... 2

11 U.S.C. § 106(b) ........................................................................................................ 9

11 U.S.C. § 106(c) ........................................................................................................ 9

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

11 U.S.C. § 1301 ................................................................................. 1, 6, 11

11 U.S.C. § 362 ............................................................................. 1, 6, 8, 13

11 U.S.C. § 362(c)(3) .............................................................................. 2, 9

11 U.S.C. § 362(h) ..................................................................................... 13

11 U.S.C. § 362(k) ................................................................................ 2, 13

11 U.S.C. § 362(k)(1) ................................................................................ 12

11 U.S.C. § 548 ......................................................................................... 14

11 U.S.C. § 549 ......................................................................................... 14

28 U.S.C. § 1738 ......................................................................................... 8

42 U.S.C. § 1983 ................................................................................. passim

42 U.S.C. § 1988 ..................................................................................... 1, 5

**OTHER AUTHORITIES**

Black's Law Dictionary (9th ed.)................................................................ 10

California Constitution Article XI § 1 ........................................................... 7

Eleventh Amendment to the United States Constitution........................... passim

**RULES**

Federal Rule of Bankruptcy Procedure
    Rule 7012 ............................................................................................. 1

Federal Rule of Bankruptcy Procedure
    Rule 7052 ............................................................................................. 9

Federal Rule of Civil Procedure
    Rule12(b)(6) ............................................................................. 1, 5, 6, 14

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Sonoma County Sheriff's Office, Steve Freitas, and Katie Straley (collectively, the "Sheriff Defendants"), hereby move to dismiss, without leave to amend and with prejudice, the Complaint for Damages from Stay Violations filed by Plaintiffs Anthony Guevara (the "Debtor") and Christine Guevara (the "Codebtor") (collectively, "Plaintiffs").  The Sheriff Defendants file this Motion pursuant to <u>Federal Rule of Civil Procedure</u> ("FRCP") 12(b)(6), made applicable through <u>Federal Rule of Bankruptcy Procedure</u> 7012, based upon Plaintiffs' failure to state a claim for which relief can be granted, and respectfully state as follows:

## I.    PRELIMINARY STATEMENT

On May 6, 2014, Plaintiffs initiated this adversary proceeding against the Sheriff Defendants by filing the Complaint for Damages from Stay Violations: (1) Codebtor Stay Violations [11 U.S.C. § 1301], (2) Automatic Stay Violations [11 U.S.C. § 362], and (3) Civil Rights Violations Under Color Of Authority of Law [42 U.S.C. §§ 1983, 1988] (the "Complaint").

With respect to the Sheriff Defendants, the purported violations of the automatic stay arose by the County's ministerial compliance with a court order to garnish the wages of Debtor's wife. In performing the ministerial act of garnishment of wages, the Sheriff Defendants were both justified in their actions and shielded from liability.  *See* <u>Hayward Lumber & Inv. Co. v. Biscailuz</u>, 47 Cal. 2d 716, 722 (1957) ("It is established that a Sheriff is ministerial officer, not a judicial one, and is justified in executing 'all process and orders regular on their face and executed by competent authority, whatever may be the defect in proceedings on which they were issued.'")

Moreover, because the Sheriff Defendants were acting as an arm of the California state judicial system, the Sheriff Defendants have <u>a complete defense to this action in its entirety</u> pursuant to the Eleventh Amendment to the United States Constitution, under the doctrine of sovereign immunity.  Because the Sheriff Defendants are shielded from liability by sovereign immunity, this action must be dismissed as to them, and because any amendment would be futile, such dismissal should be without leave to amend and with prejudice.  <u>Tracht Gut, LLC v. County of L.A. (In re Tracht Gut, LLC)</u>, 503 B.R. 804, 815 (BAP 9th Cir. 2014).  Moreover, even if an action could stand against the Sheriff Defendants (which it can't), punitive damages cannot be

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel: 213.229.2868 • Fax 213.229.2870

1

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36TH Floor, Los Angeles, California 90071
Tel: 213.229.2868 • Fax 213.229.2870

1  awarded against government units, such as the Sheriff Defendants here, given that they did not file

2  a claim or assert any interest in the Debtor's estate.  11 U.S.C. § 106(a)(3); *cf.* 11 U.S.C. § 101(27)

3  defining "governmental unit" as "other domestic government", such as Sonoma County here.

4         Nevertheless, as will be shown below, there were no violations of the automatic stay as

5  against property of the Debtor's estate, as admitted by Plaintiffs-- "the stay in the instant Chapter

6  13 bankruptcy terminated by operation of law (11 U.S.C. § 362(c)(3)) on November 6, 2012".

7  Complaint, ¶ 4.22.  Further, the garnishment order derived from a state court action in which a

8  notice of stay as to the relevant bankruptcy was never filed.  The Sheriff Defendants (who were

9  not listed in the Debtor's schedules), were not notified that the instant bankruptcy had been filed

10 until on or about January 20, 2014, upon mail service of the Notice of Stay Violations.

11 Notwithstanding the filing of the Notice of Stay in the bankruptcy court, Plaintiffs unjustifiably

12 delayed (laches) in filing this action for almost five months in asserting any such stay violations to

13 the detriment of the Sheriff Defendants.  Thus, the purported Codebtor stay violations, to the

14 extent any exist, cannot stand.  Moreover, the instant bankruptcy, the <u>seventh</u> in a string of

15 dismissed Chapter 13 bankruptcies filed by Debtor and Codebtor in the past five years, should be

16 adjudged by this Court to be a bad faith filing necessitating that the Sheriff Defendants be awarded

17 their attorney's fees and costs in defending against this baseless Complaint.

18        Finally, the alleged § 1983 civil rights claim against the Sheriff Defendants is inconsistent

19 with the provisions of 11 U.S.C. § 362(k) which provides a remedy for violations of stay, fails as a

20 matter of law and must be dismissed in its entirety.  Further, case law holds that having acted as an

21 arm of the state, the Sheriff Defendants are not persons who can be sued under § 1983.

22        As set forth in full below, each and every claim alleged by Plaintiffs has been defeated

23 with respect to the Sheriff Defendants.  Accordingly, Plaintiffs' Complaint must be dismissed as

24 to the Sheriff Defendants, in its entirety without leave to amend.

25 **II.    <u>BACKGROUND FACTS</u>**

26        On October 7, 2012, Debtor Anthony Guevara filed the instant voluntary Chapter 13

27 bankruptcy [Docket No. 1].  According to his Petition, his prior bankruptcy cases filed within the

28 last five (5) years as well as pending bankruptcy cases filed by any spouse, partner or affiliate of

2

1   the Debtor (i.e., his wife and Codebtor, Christine Guevara) include the following ***six*** (6)

2   bankruptcy cases:

3        1.       1:09-bk-22467-GM (In re Christine Guevara); Chapter 13, filed on 9/23/09 and

4   dismissed on 2/16/10;

5        2.       2:10-bk-26101-AA (In re Anthony Guevara); Chapter 13, filed on 4/26/10 and

6   dismissed on 7/27/10;

7        3.       2:11-bk-12952-VZ (In re Christine Sabean-Guevara); Chapter 13, filed on 1/24/11

8   and dismissed on 2/15/11;

9        4.       2:11-bk-39083-VZ (In re Anthony Guevara); Chapter 13, filed on 7/6/11 and

10  dismissed on 5/17/12;

11       5.       2:11-bk-59502-SK (In re Christine Sabean-Guevara); Chapter 13, filed on 12/5/11

12  and dismissed on 2/16/12; and

13       6.       2:12-bk-24630-SK (In re Christine Sabean-Guevara), Chapter 13, filed on 4/25/12

14  and dismissed on 9/26/12 (the "Prior Cases").

15       (*See* Statement of Related Cases, filed in the instant Chapter 13 case, at Doc. No. 1, pg. 18,

16  a true and correct copy of which is attached as Exhibit "1" to Defendants' concurrently filed

17  Request for Judicial Notice ("RFJN"); *see also*, copies of the dockets for each of the Prior Cases,

18  true and correct copies of which are attached as Exhibits "2"-"7" to RFJN.)

19       According to their respective dockets, each of the six Prior Cases has been dismissed.  *See*

20  RFJN, at Ex's "2"-"7".

21  **III.**     **THE ALLEGATIONS OF THIS COMPLAINT**

22       Plaintiffs' Complaint is a veritable patchwork of purported claims which contain

23  confusing, vague and conclusory allegations.  However, it appears that in the midst of filing their

24  numerous Chapter 13 bankruptcies, on or about July 20, 2009, the holder of a first priority deed of

25  trust secured by Plaintiff's former residential real property located at 2110 Pamplico Drive, Santa

26  Clarita, CA 91350 (the "Property"), foreclosed on the Property.  Complaint, ¶ 4.5.  According to

27  the Complaint, the assignee of the second priority deed of trust secured by the Property, co-

28  defendant Bosco Credit LLC ("Bosco"), on December 8, 2010, filed a collection action against

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

3

Codebtor in Los Angeles County Superior Court, entitled <u>Bosco Credit LLC.., et. al. v. Christine</u> <u>Guevara, et. al.</u>, LASC Case No. PC049768 (the "Collection Action").  Complaint, ¶ 4.7.  Thereafter, on August 9, 2011, defendant Bosco, though its counsel (co-defendants Prober & Raphael A Law Corporation and Dean Prober) obtained a default judgment against Codebtor, in the amount of $93,863.57 (the "Default Judgment").  Complaint, ¶ 4.8.

It is in seeking to enforce the Default Judgment against Codebtor that Bosco obtained a Writ of Execution and a Wage Garnishment directed to the Sonoma County Sheriff's Office, in the Collection Action, pursuant to which Codebtor's wages from Kohl's Departments Stores, Inc. ("Kohl's") were garnished.  Complaint, ¶ 4.9.  Plaintiffs now allege that "Defendants levied upon, and continue to garnish, Codebtor's wages in violation of current  bankruptcy stays – the Codebtor stay and the Automatic Stay as it applies to property of the bankruptcy estate – in effect under 1:12-bk-18890-AA (i.e., the instant bankruptcy)."  Complaint, ¶ 4.9.

With respect to the Sheriff Defendants, Plaintiffs allege the following purported stay violations:

a.    <u>Stay Violation No. 11</u> [1:12-bk-18890-AA, 4/27/13]:  On or about April 27, 2013, the Sheriff Defendants allegedly caused an Earnings Withholding Order (Wage Garnishment) in the total amount due of $109,111.28 to be issued to Kohl's.  Complaint, ¶ 5.11.

b.    <u>Stay Violation Nos. 12-45</u> [1:12-bk-18890-AA, 4/28/13]:  Since April 2013 up through the date of Plaintiffs' Notice of Stay (filed in the instant bankruptcy on January 20, 2014, as Doc. No. 18), the Sheriff Defendants have allegedly levied upon and garnished Codebtor's wages every week, and delivered same to Bosco.  Complaint, ¶ 5.12.

c.    <u>Stay Violation Nos. 46 + to the present</u> [1:12-bk-18890-AA, 4/28/13]:  Purported on-going stay violations arising from continued weekly wage garnishments.  Complaint, ¶¶ 5.13-5.16.

With respect to the Sheriff Defendants, Plaintiffs allege that by garnishing Christine Guevara's wages, the Sheriff Defendants purportedly also committed codebtor stay violations and automatic stay violations of property of the bankruptcy estate Nos. 11-65 + [in case no. 1:12-bk-18890-AA, 4/27/13].  Complaint, ¶¶ 6.13, 6.27.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

1    Finally, with respect to the Sheriff Defendants, Plaintiffs allege that by garnishing

2    Christine Guevara's wages, the Sheriff Defendants purportedly violated Plaintiffs' civil rights and

3    42 U.S.C. § 1983, and seek remedies for such alleged violations including attorney's fees under 42

4    U.S.C. § 1988.  Complaint, ¶¶ 6.32-6.36.

5    **IV.    THE LEGAL STANDARD APPLICABLE TO A MOTION TO DISMISS UNDER**

6    **RULE 12(b)(6)**

7    A motion to dismiss under FRCP 12(b)(6) challenges the sufficiency of the allegations set

8    forth in the complaint.  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable

9    legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v.

10   Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008), *quoting* Balistreri v. Pacifica

11   Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

12   In resolving a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in

13   the light most favorable to the plaintiff, and accept all well-pleaded factual allegations as true.

14   Johnson, *supra*, 534 F.3d at 1122; Knox v. Davis, 260 F.3d 1009, 1012 (9th Cir. 2001).  On the

15   other hand, the court is not bound by conclusory statements, statements of law, and unwarranted

16   inferences cast as factual allegations.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007);

17   Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  In Twombly, the

18   Supreme Court noted:

19   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
20   detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his
     entitlement to relief' requires more than labels and conclusions, and a formulaic
     recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at
21   555.  In practice, a complaint . . . must contain either direct or inferential
     allegations respecting all the material elements necessary to sustain recovery under
22   some viable legal theory." Id. at 562; *quoting*, Car Carriers, Inc. v. Ford Motor Co.,
     745 F.2d 1101, 1106 (7th Cir. 1984.

23   In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), the Supreme Court elaborated on the
24
     Twombly standard:
25
26   "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
     accepted as true, to state a claim to relief that is plausible on its face. . . . A claim
     has facial plausibility when the plaintiff pleads factual content that allows the court
27   to draw the reasonable inference that the defendant is liable for the misconduct
     alleged. . . . Threadbare recitals of the elements of a cause of action, supported by
28   mere conclusory statements, do not suffice." Id.

1   Further, the allegations of the complaint, along with other materials properly before the

2   court on a motion to dismiss, can establish an absolute bar to recovery.  Weisbuch v. County of

3   Los Angeles, 119 F.3d 778, 783 n. 1 (9th Cir. 1997) ("If the pleadings establish facts compelling a

4   decision one way, that is as good as if depositions and other expensively obtained evidence on

5   summary judgment establishes the identical facts.")

6   **V.   JUDICIALLY NOTICEABLE FACTS CAN ESTABLISH THAT THE**

7   **COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF**

8   It is well-settled that facts properly subject to judicial notice may be used to establish that

9   the complaint does not state a claim for relief.  Intri-Plex Techs., Inc. v. The Crest Group, Inc., 499

10  F.3d 1048, 1052 (9th Cir. 2007); Estate of Blue v. County of Los Angeles, 120 F.3d 982, 984 (9th

11  Cir. 1997); Mullis v. Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  In this regard, a court

12  can properly take judicial notice of court papers filed in related litigation.  Estate of Blue, supra,

13  120 F.3d at 984.

14  Further, court documents filed in an underlying bankruptcy case are subject to judicial

15  notice in related adversary proceedings and district court lawsuits. O'Rourke v. Seaboard Sur. Co.,

16  887 F.2d 955, 957-58 (9th Cir. 1989); Mullis, 828 F.2d at 1388.

17  Moreover, documents not physically attached to the complaint may nonetheless be

18  considered by the Court in ruling on a 12(b)(6) motion to dismiss if the complaint refers to such

19  document, the document is central to plaintiff's claim, and no party questions the authenticity of

20  the copy of the document.  Branch v. Tunnell (9th Cir. 1994) 14 F.3d 449, 454 (overruled on other

21  grounds in Galbraith v. County of Santa Clara (9th Cir. 2002) 307 F.3d 1119, 1127; Bryant v.

22  Avado Brands, Inc. (11th Cir. 1999) 187 F. 3d 1271, 1281, fn. 16.)  In Branch, the Court held:

23      " . . . that documents whose contents are alleged in a complaint and whose
        authenticity no party questions, but which are not physically attached to the
24      pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such
        consideration does 'not convert the motion to dismiss into a motion for summary
25      judgment.'"  Id.

26  The crux of this action as to the Sheriff Defendants (other than sovereign immunity) is

27  whether garnishing Codebtor's wages constituted a violation of the automatic stay under 11

28  U.S.C. § 362, under 11 U.S.C. § 1301, or under 42 U.S.C. § 1983.   Also for consideration is

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

1  whether this seventh bankruptcy in a string of dismissed Chapter 13 bankruptcies is a bad faith

2  filing.  In order for the Court to decide these important issues, the Court must examine court

3  records filed in connection with Plaintiffs' earlier filed bankruptcy cases, which records are

4  attached to the concurrently filed RFJN.  Accordingly, the Court should take judicial notice of

5  such records.

6  **VI.**    **ARGUMENT**

7       **A.**    **Acting as An Arm of the California State Judicial System, the Sheriff**

8  **Defendants Are Entitled to Eleventh Amendment Immunity and the Instant Action is**

9  **Completely Barred by the Doctrine of Sovereign Immunity**

10      In discussing Eleventh Amendment Immunity, in <u>Scott v. O'Grady</u>, 975 F.2d 366, 369 (7th

11  Cir. Ill. 1992), the Court stated:

> "The Eleventh Amendment to our Constitution states: 'The Judicial power of the
> United States shall not be construed to extend to any suit in law or equity,
> commenced or prosecuted against one of the United States by Citizens of another
> State, or by Citizens or Subjects of any Foreign State.' (citation omitted.)  Although
> this language expressly encompasses only suits brought against a state by citizens
> of another state, the Eleventh Amendment has long been interpreted to also bar
> federal courts from exercising jurisdiction over actions against a state brought by
> her own citizens. (citation omitted.)  Eleventh Amendment issues arise whenever a
> private citizen files a federal lawsuit against a state, a state agency, or a state
> official--although the effect of the amendment differs depending on the category of
> defendant." <u>Id</u>.

18      California Constitution Article XI § 1 establishes that a county sheriff, such as the Sheriff

19  Defendants here, act as an arm of the State, and therefore are protected from liability in carrying

20  out orders issued by state courts, such as the garnishment orders here.  Specifically, California

21  Constitution Article XI § 1 provides in relevant part, that:

> "(a) <u>The State is divided into counties which are legal subdivisions of the State</u>. . . .

> (b) <u>The Legislature shall provide for county powers, an elected county sheriff</u>, an
> elected district attorney, an elected assessor, and an elected governing body in each
> county." [Emphasis added.] <u>Id</u>.

25      As an arm of the California State Judicial System, the Sonoma County Sheriff's Office, as

26  well as defendants Steve Freitas and Katie Straley, who are not alleged to have acted in any

27  capacity other than in their official capacities (i.e. the Sheriff Defendants), are protected from

28  liability by the doctrine of sovereign immunity.   <u>In re Sumpter</u>, 171 B.R. 835, 841 (Bankr. N.D.

**STECKBAUER WEINHART, LLP**
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

1   Ill. 1994).  In <u>Sumpter</u>, the plaintiff debtor filed a motion for contempt against defendants, a

2   creditor and the <u>sheriff</u>, for an alleged willful violation of an automatic stay of 11 U.S.C. § 362.  In

3   <u>Sumpter</u>, in sustaining the sheriff's sovereign immunity defense, the court articulated the

4   following analysis:

> "The question here is whether the Sheriff was also acting as an agent of the State of
> Illinois in which case the Eleventh Amendment applies, or acting merely as a
> county official, which makes it inapplicable. . . .  The resolution of the issue
> depends in part on state law.  <u>The Illinois constitution specifically designates
> sheriffs as county officers</u>. . . . *Scott* noted that when a county sheriff performs his
> duty as principal executive officer or chief law enforcement officer of the county,
> he acts as a county official and does not get the benefit of the Eleventh
> Amendment. 975 F.2d at 371. <u>County sheriffs and their deputies, however,
> sometimes act as agents of the state, when as in this case, they act to enforce orders
> issued by state courts</u>.  Illinois county sheriffs have no discretion in executing state
> court orders. Rather, they have a statutory duty to serve and execute all orders and
> judgments of every description that may legally be directed or delivered to them. .
> . . Thus, Illinois law specifically directs a sheriff to enforce state court orders, and
> can provide for punishment if he does not.
>
> The State Court Order was directed to the Sheriff, and under  . . . (Illinois law), the
> Sheriff and his deputies had a statutory nondiscretionary duty to execute it.
> Moreover, the State Court Order is a final judgment of the state court to which this
> Court must give full faith and credit pursuant to 28 U.S.C. § 1738. Recognition of
> the State Court Order also accommodates the principal of comity between the state
> and federal judicial systems. <u>The Court finds that the Sheriff and his deputies were
> not acting solely as county officials. Rather, they were acting as an arm of the
> Illinois judicial system in executing and enforcing the State Court Order.
> Consequently, the Sheriff's defense of sovereign immunity is well-founded in this
> circuit and state</u>."  [Emphasis added.]  <u>Sumpter</u>, *supra*, 171 B.R. at 846-847.

18   The <u>Sumpter</u> Court provided further instructive analysis under <u>Bankruptcy Code</u> § 106,

19   which can provide for waiver of sovereign immunity where, unlike here, the governmental unit

20   has filed a claim or asserted an interest against the debtor's estate.  In that regard, <u>Sumpter</u>

21   provides:

> "Further analysis of the sovereign immunity defense under the applicable
> provisions of the Bankruptcy Code provides the same result. Section 106 of the
> Code provides:
>
> '(a)  A governmental unit is deemed to have waived sovereign immunity with
> respect to any claim against such governmental unit that is property of the estate
> and that arose out of the same transaction or occurrence out of which such
> governmental unit's claim arose.
>
> (b)  There shalt be offset against an allowed claim or interest of a governmental
> unit any claim against such governmental unit that is property of the estate.
>
> (c)  Except as provided in subsections (a) and (b) of this section and

**STECKBAUER WEINHART, LLP**
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

notwithstanding any assertion of sovereign immunity--

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.'  11 U.S.C. § 106.

The Sheriff has filed no claims against the Debtor's bankruptcy estate, nor asserted any claim by way of offset against the bankruptcy estate, so the provisions of section 106(a) and (b) for waiver have not been triggered. Moreover, *Hoffman v. Connecticut Dept. of Income Maintenance*, 492 U.S. 96, 106 L. Ed. 2d 76, 109 S. Ct. 2818 (1989) construed section 106(c) as not authorizing a bankruptcy court to issue a money judgment against a state that has not filed a proof of claim in the bankruptcy proceeding. There has been no waiver of sovereign immunity under section 106(c). Accordingly, the Sheriff's motion for judgment pursuant to Bankruptcy Rule 7052 is granted." Sumpter, *supra*, 171 B.R. at 847.

Here, there is no dispute that the Sheriff Defendants have not filed a claim or asserted any interest in the Debtor's estate, by offset or otherwise.  The Sheriff Defendants have clearly been unjustifiably named in the instant action and cannot be said to have exercised any waiver of sovereign immunity.  Instead, this Court must find that the Sheriff Defendants are entitled to assert sovereign immunity under the Eleventh Amendment of the U.S. Constitution to the fullest extent possible. *See also*, Section E below, discussing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." Will, *supra*, 491 U.S. at 66.)

Accordingly, this Motion must be granted in its entirety and the Complaint must be dismissed against the Sheriff Defendants, as to all claims, without leave to amend and attorney fees and cost awarded to the Sheriff Defendants.

**B.**     **The Facts of this Case Clearly Demonstrate that there is No Violation of Automatic Stay as to Property of the Bankruptcy Estate in this Case by the Sheriff Defendants Under 11 U.S.C. § 362(c)(3)**

Section 362(c)(3) of the Bankruptcy Code provides:

"(3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter . . . 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1   under a chapter other than chapter 7 after dismissal under section 707(b) --

2       (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;" Id.

3

4   In applying § 362(c)(3) here, as Plaintiffs themselves admit in the Complaint, "[o]n November 6, 2012, by operation of 11 U.S.C. § 362(c)(3), the Automatic Stay terminated with respect to the Debtor." Complaint, ¶ 4.22. Specifically, here, because Debtor's prior Chapter 13 bankruptcy, USBC Case No. 2:11-bk-39083, filed on July 6, 2011, was dismissed on May 17, 2012, which was within one year preceding the instant Chapter 13 bankruptcy case filed on October 7, 2012, the automatic stay terminated on November 6, 2012 as to property of the Debtor's estate. 11 U.S.C. § 362(c)(3). Thus, Plaintiffs' claim for violations of the automatic stay nos. 11, 12-45, 46, 47, 47-64, 65+, which all are alleged to have occurred on or after the November 6th, 2012 termination of the Debtor's stay, cannot stand. See Complaint, ¶¶ 5.11-5.16. This Motion must be sustained as to these purported violations without leave to amend.

It should also be noted that Plaintiffs unjustifiably delayed in filing this meritless action, such that the doctrine of laches should bar this suit. Laches is defined as an "unreasonable delay (in) pursuing a right or claim... in a way that prejudices the opposing party". Black's Law Dictionary (9th ed.). Here, Plaintiffs filed their Notice of Stay Violations on January 20, 2014, delineating the supposed violations of stay which form the basis of the Complaint [Doc. No. 18]. Moreover, as alleged in the Complaint, the stay violations asserted against the Sheriff Defendants stem back to April 27, 2013, when the Earnings Withholding Order was issued. Complaint, ¶ 5.11. However, Plaintiffs unjustifiably waited until May 8, 2014, almost five months after filing the Notice of Stay Violations, and more than a year after the issuance of the Earnings Withholding Order to file the instant Complaint against the Sheriff Defendants. Plaintiffs' inexcusable delay evidences self-created damages which equitably cannot and should not be borne by the Sheriff Defendants. Plaintiffs' claims as to the Sheriff Defendants should be adjudged to be barred by laches, in their entirety.

/ / /

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

**C.**    **There is No Violation of the Codebtor Automatic Stay by the Sheriff Defendants Under 11 U.S.C. § 1301 Pertaining to Debtor's Earlier Chapter 13 Petition and No Willful Violation Pertaining to the Current (Bad Faith) Chapter 13 Proceeding**

11 U.S.C. § 1301 (entitled " stay of action against codebtor") provides, in pertinent part, that:

> "(a)  . . . , after the order for relief under this chapter [11 USCS §§ 1301 et seq.], a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—
>
>  . . . .
>
>      (2)  the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title." Id.

Here, Plaintiffs allege that the Sheriff Defendants violated the Codebtor stay, in connection with the Debtor's prior bankruptcy case, Case No. 2:11-bk-39083 under § 1301 by garnishing Codebtor's wages in order to pay the default judgment obtained by Bosco.  Complaint, ¶ 7.6. Plaintiffs cannot establish a prima facie claim in Case No. 2:11-bk-39083 because this case was dismissed on May 17, 2012.  *See* RFJN, at Ex. "5".  Pursuant to § 1301(a)(2), the stay of action against codebtor is granted "**unless- the case is closed, dismissed**, or converted to a case under chapter 7 or 11 of this title."  [Emphasis added].  Having been dismissed on May 17, 2012, there can be no violation of the automatic stay against the Codebtor in Case No. 2:11-bk-39083.

With respect to the instant case [Case No. 2:12-bk-18890], given Plaintiffs' history of filings and dismissals, this Court should find that this Chapter 13 proceeding was filed in bad faith and that there is no codebtor stay.  *See* de la Salle v. U.S. Bank, N.A. (In re de la Salle), 461 B.R. 593, 605 (9th Cir. BAP 2011), recommending a bad faith filing analysis based upon a review of a "totality of the surrounding circumstances"; Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 921 (9th Cir. BAP 2011) (bad faith may be inferred from the totality of the surrounding circumstances).  In such an analysis, the Court examines factors including (1) misrepresentation of fact; (2) unfair manipulation of the Code; (3) history of filings and dismissals; (4) attempts to defeat state court litigation; and (5) egregious behavior. Ellsworth, 455 B.R. at 917-18.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

1    Even if the Court determines that there could have been a codebtor stay in place in the

2    instant bankruptcy, the Court should find that the instant Chapter 13 filing is nothing but another

3    in a string of bad faith bankruptcy filings necessitating dismissal of the proceeding and of the

4    Complaint.  Accordingly, this Court should find that the the Sheriff Defendants' ministerial

5    enforcement of the Wage Garnishment Order was not willful, and no liability to the (immune)

6    Sheriff Defendants can result therefrom.

7    **D.**    **There was No Willful Violation of the Automatic Stay by the Sheriff**

8    **Defendants**

9    Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any

10    **willful** violation of a stay provided by this section shall recover actual damages, including costs

11    and attorneys' fees and, in appropriate circumstances, may recover punitive damages."  [Emphasis

12    added.]  11 U.S.C. § 362(k)(1).  The standard for willfulness in the Ninth Circuit has been stated

13    in Sternberg v. Johnston, 582 F.3d 1114, 1121 (9th Cir. Ariz., 2009), "[i]n the bankruptcy context,

14    all that is required is that the creditor knew of the automatic stay, and his actions in violation of

15    the stay were intentional."

16    Here, by complying with the state court order to garnish wages of Debtor's spouse, the

17    Sheriff Defendants were not notified of the instant bankruptcy proceeding until January 20, 2014,

18    when the Sheriff Defendants were mail served with the Notice of Stay Violations by the Debtor.

19    [Doc. No. 18.]  Thus, assuming arguendo that the Notice of Stay Violations applied to the Sheriff

20    Defendants, there can be no willful violation of the automatic stay by the Sheriff Defendants for

21    any violation alleged to have occurred prior to or after January 20, 2014.

22    Additionally, a review of the docket from the Collection Action evidences that Plaintiffs

23    never filed a Notice of Stay in the Collection Action as notification of Debtor's instant bankruptcy

24    (1:12-bk-18890) or of Debtor's immediate prior bankruptcy (2:11-bk-39083, filed on July 6,

25    2011).  Indeed, although the docket in the Collection Action shows a Notice of Stay filed on

26    January 26, 2011, that Notice of Stay necessarily had to provide notification of a bankruptcy filed

27    prior to either 1:12-bk-18890, which was filed on October 7, 2012, or 2:11-bk-39083, which was

28    filed on July 6, 2011.  A true and correct copy of the Los Angeles County Superior Court docket

12

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1   in the Collection Action is attached as Ex. "8" to the RFJN.

2      There is absolutely no evidence that the Sheriff Defendants acted willfully such that they

3   should incur liability for any purported stay violation that allegedly occurred prior to January 20,

4   2014, and Plaintiffs have not provided asserted any facts in the Complaint to show that any alleged

5   stay violations by the Sheriff Defendants after January 20, 2014, were intentional.  Without

6   allegations of purported willful actions, Plaintiffs' claim for willful stay violations cannot stand.

7   This Motion must be granted.

8      **E.    Plaintiffs' § 1983 Claim Must Be Dismissed Without Leave As 11 U.S.C §**

9   **362(k) is the Exclusive Means to Assert a Violation of the Automatic Stay, and Having Acted**

10  **As An Arm Of The State, The Sheriff Defendants Are Not Persons Who Can Be Sued Under**

11  **§ 1983**

12     In Periera v. Chapman, 92 B.R. 903 (C.D. Cal. 1988), the Court found that a federal civil

13  rights claim cannot be predicated on a violation of the automatic stay.  *In accord*, Harris v.

14  Johnson (In re Harris), 2011 Bankr. LEXIS 1793 (BAP. 9th Cir. Apr. 7, 2011) "As a matter of

15  law, a 42 U.S.C. § 1983 claim cannot be based on an alleged violation of the stay under § 362(k)."

16     In finding that a stay violation is not a legitimate basis for a § 1983 claim, the Pereira

17  Court made the following analysis:

18      "[I]n cases involving the enforcement of federal statutory rights, access to a section
        1983 remedy should be denied if (1) the language of the statute indicates a
19      congressional intent to preclude section 1983 enforcement by making alternative
        remedies available  . . . , or (2) the statute does not create 'rights' enforceable by
20      private parties under section 1983 . . ."  Id. at 906.

21     The Pereira Court found that the statutory scheme of the Bankruptcy Code reflects a

22  "'balance, completeness and structural integrity' that suggests remedial exclusivity" by virtue of

23  11 U.S.C. § 362(h) (now § 362(k)).  Id. at 908.  Thus, in Pereira, the Court held:

24      "The plaintiff's attempt to base a section 1983 claim on the violation of the
        automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), fails as a
25      matter of law and therefore must be dismissed."  Id. at 908.

26     So too here, this Court should defer to the remedial exclusivity of the statutory scheme

27  found in the Bankruptcy Code.  Under Periera, this Court should dismiss Plaintiffs' 42 U.S.C. §

28  1983 claim as to the Sheriff Defendants, without leave to amend.

1    Further, it is well-settled that "states, and state officials sued in their official capacity, are

2    not considered 'persons' who can be sued, either in state or federal court, for damages under

3    section 1983." <u>County of L.A. v. Superior Court (Peters)</u>, 68 Cal.App.4th 1166, 1170 (1998),

4    *citing* <u>Will v. Michigan Dept. of State Police</u>, *supra*, 491 U.S. at 71, ("Section 1983 provides a

5    federal forum to remedy many deprivations of civil liberties, but it does not provide a federal

6    forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.

7    The Eleventh Amendment bars such suits unless the State has waived its immunity." <u>Will</u>, *supra*,

8    491 U.S. at 66.)  Clearly, here, in carrying out the directives of an order issued by the California

9    state court (the wage garnishment order), the Sheriff Defendants were acting as an arm of the

10   California judicial system.  In <u>Barrington v. San Joaquin County Sheriff's Dep't</u>, 2009 U.S. Dist.

11   LEXIS 15203 (E.D. Cal. Feb. 25, 2009), in granting a motion to dismiss a complaint filed against

12   a sheriff's department for carrying out official policy of that department, the Court noted "[w]here

13   a county official complies with a state law that affords no discretion in how the law is

14   implemented, that official acts as an 'arm of the state.'" <u>Id</u>. at *7.

15   As such, under <u>Will</u>, *supra*, and <u>Barrington</u>, *supra*, the Sheriff Defendants here, cannot be

16   considered to be persons who can be sued in federal court for damages under § 1983.  This claim

17   must be dismissed, and as it can never be resuscitated, such dismissal must be without leave to

18   amend and with prejudice.

19   **F.    <u>This Action Must Be Dismissed With Prejudice As To The Sheriff Defendants</u>**

20   **<u>As No Amendment Can Cure The Fact That This Action Is Barred In Its Entirety By The</u>**

21   **<u>Eleventh Amendment</u>**

22   In the recent case of <u>Tracht Gut, LLC</u>, *supra*, the Bankruptcy Appellate Panel affirmed

23   Judge Tighe's dismissal of a fraudulent transfer claim under FRBP 12(b)(6), with prejudice and

24   without leave to amend, on the grounds that granting leave to amend would have been a futility.

25   <u>Tracht Gut, LLC</u>, *supra*, 503 B.R. at 815.  Its decision was based on the fact that the debtor there

26   could not properly allege that the duly conducted tax sale of the subject properties could ever be

27   the basis of an action under 11 U.S.C. §§ 548 or 549.  <u>Id</u>.  Thus, the <u>Tracht Gut</u> Court stated that

28   "a determination that any amendment would be futile *requires* the trial court to dismiss the

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

14

1   complaint with prejudice." [Emphasis added.] Id.

2       Indeed, the Ninth Circuit has stated that "futility of an amendment can, by itself, justify the

3   denial of a motion for leave to amend because the preferred amendments would be nothing more

4   than an exercise in futility." Scott v. Baldwin, 225 F.3d 1020, 1023 (9th Cir. 2000).

5       Here, given that the claims stated against the Sheriff Defendants are barred by sovereign

6   immunity under the Eleventh Amendment, it is appropriate here, for this Court to dismiss the

7   Complaint as against the Sheriff Defendants in its entirety, without leave to amend and with

8   prejudice.

9   **VII.    CONCLUSION**

10      WHEREFORE, for the foregoing reasons, the Sheriff Defendants respectfully request that

11  the Court: (i) grant the Motion dismissing the Complaint without leave to amend and with

12  prejudice; (ii) award attorney's fees and costs according to proof against Plaintiffs and in favor of

13  the Sheriff Defendants for having to defend against this baseless action when, as a governmental

14  entity acting under the auspices of the state, the Sheriff Defendants are immune from tort liability,

15  and (iii) grant the Sheriff Defendants such other and further relief as the Court deems just and

16  proper.

17  Dated: June 9, 2014                    Respectfully submitted,

18                                         **STECKBAUER WEINHART, LLP**

19

20

21                                         By:  _____
                                                Barry S. Glaser
22                                              Susan M. Freedman
                                           Attorneys for Defendants SONOMA COUNTY
23                                         SHERIFF'S OFFICE, STEVE FREITAS and KATIE
                                           STRALEY

24

25

26

27

28

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 S. Hope Street, 36th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANTS SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS AND KATIE STRALEY'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR DAMAGES FROM STAY VIOLATIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 9, 2014  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Philip E Koebel    ecfpek@gmail.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Melissa A Vermillion    cmartin@pralc.com

☐ Service information continued on attached page.

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) June 9, 2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 9, 2014 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**

United States Bankruptcy Court -SFV
Honorable Alan Ahart
21041 Burbank Boulevard
Courtroom 303
Woodland Hills, CA 91367

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 9, 2014 | Patricia Dillamar | /s/ Patricia Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

20007.043/88947.1