**PHILIP E. KOEBEL, Esq.  [Cal. SBN 249899]**
**Post Office Box 94799**
**Pasadena, CA  91109-4799**
Ofc:   1015 N. Lake Ave., Ste. 210
          Pasadena, CA  91104
Tel:   (626) 629-8199
Fax:   (626) 410-1149
Eml:  LawOfPEK@gmail.com


Attorney for Debtor, Codebtor
ANTHONY GUEVARA, CHRISTINE GUEVARA

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br>ANTHONY GUEVARA,<br>    Debtor. | Bankruptcy No.:  1:12-bk-18890-AA<br>*Filed 10/07/2012*<br><br>Adversary No.:   1:14-ap-01092-AA<br>*Filed 05/06/2014* |
| ANTHONY GUEVARA,<br>CHRISTINE GUEVARA,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BOSCO CREDIT LLC,<br>PROBER & RAPHAEL A LAW<br>CORPORATION, DEAN PROBER,<br>EITAN YEHOSHUA, SONOMA<br>COUNTY SHERIFF'S OFFICE,<br>STEVE FREITAS in official and<br>personal capacities, KATIE<br>STRALEY in official and personal<br>capacities,<br><br>    Defendants. | **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1.  AUTOMATIC STAY VIOLATIONS [11 U.S.C. § 362];<br>2.  CODEBTOR STAY VIOLATIONS [11 U.S.C. § 1301]<br><br><br>*Hon. Alan M. Ahart*<br>*21041 Burbank Blvd., 3rd Fl.*<br>*Woodland Hills, CA  91367-6606*<br><br><br>**JURY TRIAL DEMANDED** |

# I.

## JURISDICTION AND VENUE

1.1.  This adversary proceeding (hereinafter "the Action") is a core proceeding as the claims for relief arise under 11 U.S.C. §§ 101-1330 (hereinafter "the Code"). Any ancillary federal law claims not arising under the Code are inextricably intertwined with claims arising under the Code. Likewise, any state law claims are inextricably intertwined with claims arising under the Code and this court has supplemental jurisdiction.

1.2.  The bankruptcy court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, Stern v. Marshall, 131 S.Ct. 2594 (2011), In re Bellingham Ins. Agency, Inc., 702 F.3d 553 (9th Cir. 2012) and by reference from the United States District Court, Central District of California. General Order No. 266 (1984), as amended by General Order No. 269 (1985) and General Order No. 266-A (1995).

1.3.  Plaintiffs are informed and believe and thereon allege that all parties have consented to, or waived objection to, entry of final orders or judgments by the bankruptcy court of federal law claims. In re Bellingham Ins. Agency, Inc., 702 F.3d 553 (9th Cir. 2012); Article III, U.S. Constitution.

1.4.  Plaintiffs consent to entry of final orders or judgments by the bankruptcy court of state law claims. Stern v. Marshall, 131 S.Ct. 2594 (2011).

1.5.  Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409 and by reference.

1.6.  Plaintiffs demand a jury trial.

//
//
//
//
//

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

## II.

## STATEMENT OF THE CASE

2.1.    ANTHONY GUEVARA (hereinafter "Debtor" or "Plaintiff") and his spouse CHRISTINE GUEVARA (aka Christine Sabean Guevara) ("Codebtor" or "Plaintiff") bring this action against the Defendants for their willful violations of automatic stays applicable to all entities under 11 U.S.C. §§ 362 ("Automatic Stay"), 1301 ("Codebtor Stay") that arose upon the filing on July 6, 2011 of a Chapter 13 case for the Debtor 2:11-bk-39083-VZ until that case was dismissed on May 17, 2012 and further related willful violations of the Automatic Stay and Codebtor Stay that arose upon the filing on October 7, 2012 of this Chapter 13 case 1:12-bk-18890-AA, still active.

2.2.    Notice of these violations was served upon the Defendants on January 20, 2014 and filed concurrently in bankruptcy cases 2:11-bk-39083-VZ, 1:12-bk-18890-AA and Los Angeles Superior Court case #PC049768. The Notice provided a detailed description of each violation and advised the Defendants:

> *All actions in violation of the bankruptcy stays were and are void without legal force or effect. Parties that have violated the bankruptcy stays are under an affirmative duty to remedy. Parties violating the bankruptcy stays must cease and desist their violations of federal law.*

[1:12-bk-18890-AA, Doc 18, Entered 01/20/14].

2.3.    Defendants failed to fulfill their affirmative duties to cease their willful violations and must be enjoined from doing so. Defendants have failed to remedy the stay violations and must be ordered to do so. Defendants are liable to Plaintiffs for actual and punitive damages and reasonable attorney fees and legal costs incurred to enforce compliance with the stays.

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

## III.

## PARTIES

3.1.  Debtor and Plaintiff ANTHONY GUEVARA is the Debtor in the current bankruptcy case 1:12-bk-18890-AA and he was the Debtor in the prior case 2:11-bk-39083-VZ. At all times relevant to this Action, he has been married to his spouse, Codebtor and Plaintiff CHRISTINE GUEVARA. At all times relevant to this Action, he has resided in Los Angeles County.

3.2.  Codebtor and Plaintiff CHRISTINE GUEVARA is the Codebtor in the current bankruptcy case 1:12-bk-18890-AA and she was the Codebtor in the prior case 2:11-bk-39083-VZ. At all times relevant to this Action, she has been married to her spouse, Debtor and Plaintiff ANTHONY GUEVARA. At all times relevant to this Action, she has resided in Los Angeles County.

3.3.  Defendant BOSCO CREDIT LLC is a Delaware limited liability company.

3.4.  Defendant PROBER & RAPHAEL A LAW CORPORATION is a California professional corporation.

3.5.  Defendant DEAN PROBER is a California licensed attorney.

3.6.  Defendant EITAN YEHOSHUA is a California licensed attorney.

3.7.  Defendant SONOMA COUNTY SHERIFF'S OFFICE is a county government agency.

3.8.  Defendant STEVE FREITAS is the Sheriff-Coronor of Sonoma County and he is sued both in his official capacity for prospective declaratory and injunctive relief and in his personal capacity for damages.

3.9.  Defendant KATIE STRALEY is in charge of the Civil Management Bureau of the Sonoma County Sheriff's Office and she is sued both in her official capacity for prospective declaratory and injunctive relief and in her personal capacity for damages.

//

## NO ABSOLUTE OR SOVEREIGN OR QUALIFIED IMMUNITY

3.10.   "The proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc); *Slater v. Clarke*, 700 F.3d 1200, 1203 (9th Cir. 2012)("An official seeking absolute immunity bears the burden of showing that it is justified.").

3.11.   Local governmental units are not entitled to absolute immunity. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993); *Owen v. City of Independence*, 445 U.S. 622, 657 (1980); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 701 (1978); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 n.6 (9th Cir. 2001); *Bateson v. Geisse*, 857 F.2d 1300, 1304 (9th Cir. 1988).

3.12.   "The [E]leventh [A]mendment does not bar actions against cities and counties." *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir. 1987); see also *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 54 (1978); *Mt. Healthy City Sch. Dist. Bd. Of Educ. V Doyle*, 429 U.S. 274, 280 (1977); *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005); *Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1180 (9th Cir. 2003).

3.13.   The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Ex Parte Young*, 209 U.S. 123 (1908); *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-06 (1984); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

3.14.   The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003); *Ashker v. Cal. Dep't of Corr.,* 112 F.3d 392, 394-95 (9th Cir. 1997); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992)(per curiam).

3.15.   Similarly, none of the Defendants are entitled to qualified immunity. A government official "cannot be expected to predict the future course of constitutional law, but [the official] will not be shielded from liability" for acts that violate clearly established constitutional rights. *Procunier v. Navarette*, 434 U.S. 555, 562 (1978)(citations omitted); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

3.16.   The Supreme Court's two-part analysis for qualified immunity requires the court to first consider whether the facts "[t]aken in the light most favorable to the party asserting the injury … show [that] the [defendant's] conduct violated a constitutional right" and, second, the court must determine whether the right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Bankruptcy Code's pre-emption over state law is a clearly established constitutional right, especially in regards to the Code's automatic stays.

3.18.   "It is generally true that judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack. But Congress, because its power over the subject of bankruptcy is plenary, may be specific bankruptcy legislation create an exception to that principle and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally." *In re Gruntz*, 202 F.3d 1074, 1079-80 (9th Cir. 2000)(quoting *Kalb v. Feuerstein*, 308 U.S. 433, 438-39 (1940).

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

# IV.

## STATEMENT OF FACTS

### A.

## STATE COURT ACTION ON SECOND MORTGAGE

4.1.    Debtor and Codebtor owned a home at 22110 Pamplico Drive, Santa Clarita, CA 91350 ("Subject Real Property"). It was encumbered by a first mortgage and a second mortgage. The second mortgage is the subject of this Action.

4.2.    The second mortgage note was executed by CHRISTINE GUEVARA, but it was secured by a second deed of trust against "ANTHONY GUEVARA AND CHRISTINE GUEVARA, HUSBAND AND WIFE AS JOINT TENANTS."

4.3.    On August 29, 2006, the second deed of trust securing a second mortgage note for $80,000.00 was recorded with the County of Los Angeles as instrument # 20061923378.

4.4.    The second deed of trust was assigned along with the second note by the original lender to BOSCO CREDIT LLC by virtue of an Assignment of Deed of Trust recorded with the County of Los Angeles on July 27, 2008 as instrument # 20081151197.

4.5.    On or about July 20, 2009, a purported assignee of the first mortgage foreclosed upon the Subject Real Property by credit bid.

4.6.    On or about December 8, 2010, BOSCO CREDIT LLC filed a collection action in Los Angeles Superior Court on the second mortgage against the Codebtor CHRISTINE GUEVARA with case # PC049768.

//
//
//

## B.

## STAYS ARISING UNDER 2:11-BK-39083-VZ

4.7.  Chapter 13 Bankruptcy Petition Filed. On July 6, 2011, Debtor ANTHONY GUEVARA filed Chapter 13 bankruptcy case 2:11-bk-39083-VZ.

4.8.  Notice of Bankruptcy. The Petition included a list of creditors that included the Defendant BOSCO CREDIT LLC at its address in New Jersey and care of its attorneys Defendant PROBER & RAPHAEL A LAW CORPORATION at their location in Woodland Hills, California [2:11-bk-39083-VZ, Doc 1, Page 13, Entered 07/06/11]. Also listed as a creditor was Franklin Credit Management Corp., the agent for Defendant BOSCO CREDIT LLC [2:11-bk-39083-VZ, Doc 1, Page 15, Entered 07/06/11].

4.9.  The order of relief initiated the Automatic Stay under 11 U.S.C. § 362 as to the Debtor ANTHONY GUEVARA and as to property of the bankruptcy estate as defined by 11 U.S.C. §§ 541, 1306.

4.10.  The order of relief also initiated the Codebtor Stay under 11 U.S.C. § 1301 as to Codebtor CHRISTINE GUEVARA.

4.11.  California is a Community Property state and the Bosco Claim was a consumer debt of the debtor as a matter of California law.

4.12.  California Family Code § 760: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."

4.13.  California Family Code § 910(a): "Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt."

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

4.14.   Section 101(7) defines "community claim" as a "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case."

4.15.   Section 541(a)(2) includes as property of the estate "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is (A) under the sole, equal, or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable."

4.16.   Section 1301(a) provides that "a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt."

4.17.   On July 20, 2011, the Debtor filed schedules and statements with the court. Listed on Schedule D was the Bosco Claim on the subject second mortgage [2:11-bk-39083-VZ, Doc 8, Page 9, Entered 07/20/11].

4.18.   On August 5, 2011, by operation of 11 U.S.C. § 362 (c)(3), the Automatic Stay terminated with respect to the Debtor ANTHONY GUEVARA only.

4.19.   However, the Automatic Stay did not terminate with respect to property of the bankruptcy estate.

4.20.   The Codebtor Stay did not terminate.

4.21.   On August 9, 2011, Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, and DEAN PROBER caused a default judgment to be entered against the Codebtor in violation of Sections 362, 1301 in effect under 2:11-bk-39083-VZ. Defendants committed other stay violations under 2:11-bk-39083-VZ as detailed in Section V *supra*.

---

4.22.  On or about October 5, 2011, Franklin Credit Management Corp. on behalf of Defendant BOSCO CREDIT LLC filed Claim #6 in bankruptcy case 2:11-bk-39083-VZ for the amount of $97,846.61 without referencing the August 9, 2011 state court default judgment.

4.23.  On May 17, 2012, the bankruptcy court dismissed bankruptcy case 2:11-bk-39083-VZ [2:11-bk-39083-VZ, Doc 35, Entered 05/17/12]. The Automatic Stay and the Codebtor Stay terminated.

## C.

## STAYS ARISING UNDER 1:12-BK-18890-AA

4.24.  On October 7, 2012, the Debtor filed a voluntary Chapter 13 bankruptcy petition with case # 1:12-bk-18890-AA.

4.25.  Defendant BOSCO CREDIT LLC was listed as a creditor on the petition [1:12-bk-18890-AA, Doc 1, Page 13, Entered 10/07/12] and on the schedules [1:12-bk-18890-AA, Doc 1, Page 16-17, Entered 10/23/12].

4.26.  The October 7, 2012 order of relief initiated the Automatic Stay as to the Debtor.  On November 6, 2012, by operation of 11 U.S.C. § 362 (c)(3), the Automatic Stay terminated with respect to the Debtor.

4.27.  The October 7, 2012 order of relief initiated the Automatic Stay as to Property of the Bankruptcy Estate as defined by 11 U.S.C. §§ 541, 1306. The Automatic Stay has not terminated with respect to property of the bankruptcy estate

4.28.  The October 7, 2012 order of relief initiated the Codebtor Stay. The Codebtor stay has not terminated.

4.29.  The court confirmed the Chapter 13 plan. Debtor is in full compliance.

4.30.  Defendants levied upon, and continue to garnish, Codebtor's wages in violation of the Automatic Stay and Codebtor Stay.

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

## V.

## STAY VIOLATIONS

5.1.    STAY VIOLATION # 1 [2:11-bk-39083-VZ, 08/09/2011]: On or about August 9, 2011, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused the Los Angeles Superior Court to enter a default judgment against CHRISTINE GUEVARA in case # PC049768. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.2.    STAY VIOLATION # 2 [2:11-bk-39083-VZ, 03/29/2012]: On or about March 29, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused a Memorandum of Costs to be filed in case # PC049768. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.3.    STAY VIOLATION # 3 [2:11-bk-39083-VZ, 03/29/2012]:  On or about March 29, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL, A LAW CORPORATION and DEAN PROBER caused a Notice of Entry of Judgment to be filed in case # PC049768. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.4.    STAY VIOLATION # 4 [2:11-bk-39083-VZ, 03/29/2012]:  On or about March 29, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused a Writ of Execution to be issued case # PC049768 to the Los Angeles County Sheriff's Department. Defendants BOSCO CREDIT LLC, PROBER &

RAPHAEL A LAW CORPORATION and DEAN PROBER are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.5    STAY VIOLATION # 5 [2:11-bk-39083-VZ, 03/29/2012]: On or about March 29, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused an Abstract of Judgment to be issued in case # PC049768. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.6.    STAY VIOLATION # 6 [2:11-bk-39083-VZ, 04/02/2012]:  On or about April 2, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused an Abstract of Judgment to be recorded with the County of Los Angeles as instrument # 20120497248. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.7.    STAY VIOLATION # 7 [2:11-bk-39083-VZ, 04/23/2012]:  On or about April 23, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused a Memorandum of Costs to be filed in case # PC049768. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.8.    STAY VIOLATION # 8 [2:11-bk-39083-VZ, 04/23/2012]:  On or about April 23, 2012, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION and DEAN PROBER caused a Writ of Execution to be issued in case # PC049768 to Sonoma County Sheriff-Coroner Steve Freitas and the Sonoma County Sheriff's Office. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER are liable for willful violation of 11 U.S.C. §§ 362, 1301.

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

5.9.  STAY VIOLATION # 9 [1:12-bk-18890-AA, 02/28/2013]:  On or about February 28, 2013, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER and EITAN YEHOSHUA caused a Memorandum of Costs to be filed in case # PC049768. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER and EITAN YEHOSHUA are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.10.  STAY VIOLATION # 10 [1:12-bk-18890-AA, 02/28/2013]:  On or about February 28, 2013, BOSCO CREDIT LLC and its attorneys PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER and EITAN YEHOSHUA caused a Writ of Execution to be issued in case # PC049768 to Sonoma County Sheriff-Coroner Steve Freitas and the Sonoma County Sheriff's Office. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.11.  STAY VIOLATION # 11 [1:12-bk-18890-AA, 04/27/2013]:  On or about April 27, 2013, Sonoma County Sheriff-Coroner STEVE FREITAS and the SONOMA COUNTY SHERIFF'S OFFICE and KATIE STRALEY, Civil Bureau Manager of Sonoma County Sheriff's Office, caused an Earnings Withholding Order (Wage Garnishment) with a total amount due equal to $109,111.28 to be issued to Codebtor's employer Kohl's Department Stores. Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, KATIE STRALEY are liable for the unwitting violation of 11 U.S.C. §§ 362, 1301. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.12.  STAY VIOLATIONS # 12-47 [1:12-bk-18890-AA, 04/28/2013 – 12/21/2013]:  From April 2013 through December 2013, Codebtor's wages

were levied upon every week. In 2013, Codebtor's wages that were levied upon totaled $4,510.63. Codebtor's employer has delivered garnished wages to the SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, and KATIE STRALEY, Civil Bureau Manager of Sonoma County Sheriff's Office. The garnished wages have been delivered directly or indirectly to BOSCO CREDIT LLC. Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, KATIE STRALEY are liable for the unwitting violation of 11 U.S.C. §§ 362, 1301. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.13.   STAY VIOLATIONS # 48-51 [1:12-bk-18890-AA, 12/22/2013 – 01/18/2014]:  Codebtor's wages were garnished $149.77 for the pay period beginning on December 22, 2013 and ending on December 28, 2013. Codebtor's wages were garnished $149.77 for the pay period beginning on December 29, 2013 and ending on January 4, 2014. Codebtor's wages were garnished weekly in amounts as much as $149.77 per week.  Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, KATIE STRALEY are liable for these unwitting violations of 11 U.S.C. §§ 362, 1301. Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.14.   STAY VIOLATIONS # 52-66 [1:12-bk-18890-AA, 01/19/2014 – 05/03/2014]: After Plaintiffs gave notice to all Defendants of the on-going Stay Violations, Codebtor's wages continued to be garnished weekly in amounts as much as $149.77 per week. All Defendants are liable for willful violation of 11 U.S.C. §§ 362, 1301.

5.15.   STAY VIOLATIONS # 67-68  [1:12-bk-18890-AA, 05/04/2014 – 05/17/2014]: After this Action was filed and served upon all Defendants, Codebtor's wages were garnished for two more weeks. All Defendants are liable for willful violation of 11 U.S.C. §§ 362, 1301 after this Action was filed and served upon them. Codebtor's wages received in 2014 that were levied upon and garnished totaled $2,835.89 through the pay stub with the pay end date of May 17, 2014. Codebtor's employer has delivered the garnished wages to the SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS and KATIE STRALEY, Civil Bureau Manager of Sonoma County Sheriff's Office. The garnished wages have been delivered directly or indirectly to BOSCO CREDIT LLC.

## VI.
### STATEMENT OF CLAIMS FOR RELIEF

### A.
### AUTOMATIC AND CODEBTOR STAY VIOLATIONS
### IN CASE 2:11-bk-39083-VZ
### Willful Stay Violations by Defendants
### BOSCO CREDIT LLC,
### PROBER & RAPHAEL A LAW CORPORATION,
### DEAN PROBER

6.1.   Plaintiffs incorporate herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.2.   Automatic Stay as to Property of Bankruptcy Estate arose upon the filing of bankruptcy case 2:11-bk-39083-VZ.

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

6.3.    Codebtor Stay arose upon the filing of bankruptcy case 2:11-bk-39083-VZ.

6.4.    Notice of Bankruptcy to Defendants was provided by listing BOSCO
CREDIT LLC on the petition and the schedules.

6.5.    Stay Violations were Willful: With knowledge of bankruptcy case 2:11-bk-
39083-VZ, Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A
LAW CORPORATION, and DEAN PROBER willfully committed Stay
Violations 1 – 8 from August 9, 2011 to April 23, 2012.

6.6.    Declare Actions Void *ab initio.* The actions in violation of the stays were
void *ab initio* not voidable.

6.7.    Notice of Violations on January 20, 2014. Defendants were provided notice
of the stay violations on or about January 20, 2014.

6.8.    Defendants Failed their Affirmative Duty to Cure or Remedy. Defendants
took no action whatsoever to remedy or cure the stay violations.

6.9.    Damages. The Bankruptcy Estate and the Codebtor have experienced loss of
wages and public and employment embarrassment leading to emotional
distress as a result of the on-going stay violations. The Bankruptcy Estate
has been depleted.

<u>B.</u>
<u>AUTOMATIC AND CODEBTER STAY VIOLATIONS</u>
<u>IN CASE 1:12-bk-18890-AA</u>
<u>Willful Stay Violations by Defendants</u>
<u>BOSCO CREDIT LLC,</u>
<u>PROBER & RAPHAEL A LAW CORPORATION,</u>
<u>DEAN PROBER,</u>
<u>EITAN YEHOSHUA</u>

6.10.  Plaintiffs incorporate herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.11.  Automatic Stay as to Property of Bankruptcy Estate arose upon the filing of bankruptcy case 1:12-bk-18890-AA.

6.12.  Codebtor Stay arose upon the filing of bankruptcy case 1:12-bk-18890-AA.

6.13.  Notice of Bankruptcy to Defendants was provided by listing BOSCO CREDIT LLC on the petition and the schedules.

6.14.  Stay Violations were Willful: With knowledge of bankruptcy case 1:12-bk-18890-AA, Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, EITAN YEHOSHUA willfully committed Stay Violations 9-68 from February 28, 2013 to May 17, 2014.

6.15.  Declare Actions Void *ab initio*. The actions in violation of the stays were void *ab initio* not voidable.

6.16.  Notice of Violations on January 20, 2014. Defendants were provided notice of the stay violations on or about January 20, 2014.

6.17.  Defendants Failed their Affirmative Duty to Cure or Remedy. Defendants took no action whatsoever to remedy or cure the stay violations.

6.18.  Defendants continued to willfully violate the Automatic and Codebtor Stays – Stay Violations 52-68 – after receiving written notice from Plaintiffs.

6.19.  Original Complaint Filed on or about May 6, 2014. Defendants received the original complaint in this action or about May 6, 2014.

6.20.  Defendants continued to willfully violate the Automatic and Codebtor Stays – Stay Violations 67-68 – after receiving the original complaint and they have taken no action to date to cure the past violations.

6.21.  Damages. The Bankruptcy Estate and the Codebtor have lost wages and the Codebtor suffers emotional distress from employment embarrassment due to the on-going stay violations. The Bankruptcy Estate has been depleted.

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

## C.

## AUTOMATIC AND CODEBTER STAY VIOLATIONS

## IN CASE 1:12-bk-18890-AA

## Willful Stay Violations by Defendants

## SONOMA COUNTY SHERIFF'S OFFICE,

## STEVE FREITAS,

## KATIE STRALEY

6.22.  Plaintiffs incorporate herein by reference the allegations made in the foregoing paragraphs of this complaint, *supra*, as though fully set forth herein.

6.23.  Automatic Stay as to Property of Bankruptcy Estate arose upon the filing of bankruptcy case 1:12-bk-18890-AA.

6.24.  Codebtor Stay arose upon the filing of bankruptcy case 1:12-bk-18890-AA.

6.25.  Unwitting Stay Violations Have Not Been Cured. Without apparent knowledge of the bankruptcy filing until on or about January 20, 2014, Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, and KATIE STRALEY unwittingly violated the Automatic and Codebtor Stay on or about April 27, 2013 when they issued an Earnings Withholding Order (Wage Garnishment) to Codebtor's employer in the amount of $109,111.28 – Stay Violation #11. This Order has not been cancelled.

6.26.  Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, and KATIE STRALEY also unwittingly committed Stay Violations 12-51 before receiving notice of the bankruptcy case.

6.27.  Since learning about the bankruptcy case on or about January 20, 2014, however, Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, and KATIE STRALEY have not cured Stay Violations 11-51.

//

6.28.  <u>Other Stay Violations were Willful.</u> With knowledge of bankruptcy case 1:12-bk-18890-AA, Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS, and KATIE STRALEY willfully committed Stay Violations 52-68 from on or about January 26, 2014 until May 17, 2014.

6.29.  Declare Actions Void *ab initio.* The actions in violation of the stays were void *ab initio* not voidable.

6.30.  Notice of Violations on January 20, 2014. Defendants were provided notice of the stay violations on or about January 20, 2014.

6.31.  Defendants Failed their Affirmative Duty to Cure or Remedy. Defendants took no action whatsoever to remedy or cure the stay violations.

6.32.  Defendants began to willfully violate the Automatic and Codebtor Stays – Stay Violations 52-68 – after receiving written notice from Plaintiffs.

6.33.  Original Complaint Filed on or about May 6, 2014. Defendants received the original complaint in this action or about May 6, 2014.

6.34.  Defendants continued to willfully violate the Automatic and Codebtor Stays – Stay Violations 67-68 – after receiving the original complaint and they have taken no action to date to cure the past violations.

6.35.  Damages. The Bankruptcy Estate and the Codebtor have experienced loss of wages and public and employment embarrassment leading to emotional distress as a result of the on-going stay violations. The Bankruptcy Estate has been depleted.

//
//
//
//
//
//
//

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs request that the court:

1.    Take jurisdiction of this case, including jurisdiction over the
      Automatic and Codebtor Stays and their violations arising in
      bankruptcy case 2:11-bk-39083-VZ;

2.    Find and conclude that the Automatic Stay as to property of the
      Bankruptcy Estate arose upon the filing of bankruptcy case 2:11-bk-
      39083-VZ and it may not be annulled;

3.    Find and conclude that the Codebtor Stay as to the Bosco Claim arose
      upon the filing of bankruptcy case 2:11-bk-39083-VZ and it may not
      be annulled;

4.    Find and conclude that the Automatic Stay as to property of the
      Bankruptcy Estate arose upon the filing of bankruptcy case 1:12-bk-
      18890-AA and it may not be annulled;

5.    Find and conclude that the Codebtor Stay as to the Bosco Claim arose
      upon the filing of bankruptcy case 1:12-bk-18890-AA and it may not
      be annulled;

6.    Find and conclude that Defendants BOSCO CREDIT LLC, PROBER
      & RAPHAEL A LAW CORPORATION, and DEAN PROBER had
      knowledge of bankruptcy case 2:11-bk-39083-VZ;

7.    Find and conclude that Defendants BOSCO CREDIT LLC, PROBER
      & RAPHAEL A LAW CORPORATION, and DEAN PROBER
      willfully violated the Automatic Stay as to property of the Bankruptcy
      Estate that arose upon the filing of bankruptcy case 2:11-bk-39083-
      VZ;

//

8.   Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, and DEAN PROBER willfully violated the Codebtor Stay that arose upon the filing of bankruptcy case 2:11-bk-39083-VZ;

9.   Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, and EITAN YEHOSHUA had knowledge of bankruptcy case 1:12-bk-18890-AA at all times relevant to this Action;

10.   Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, and EITAN YEHOSHUA willfully violated the Automatic Stay as to property of the Bankruptcy Estate that arose upon the filing of bankruptcy case 1:12-bk-18890-AA;

11.   Find and conclude that Defendants BOSCO CREDIT LLC, PROBER & RAPHAEL A LAW CORPORATION, DEAN PROBER, and EITAN YEHOSHUA willfully violated the Codebtor Stay that arose upon the filing of bankruptcy case 1:12-bk-18890-AA;

12.   Find and conclude that Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS and KATIE STRALEY had knowledge of bankruptcy case 1:12-bk-18890-AA on or around January 20, 2014;

13.   Find and conclude that Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS and KATIE STRALEY willfully violated the Automatic Stay as to property of the Bankruptcy Estate in bankruptcy case 1:12-bk-18890-AA;

14.   Find and conclude that Defendants SONOMA COUNTY SHERIFF'S OFFICE, STEVE FREITAS and KATIE STRALEY willfully violated the Automatic Stay as to property of the Bankruptcy Estate in bankruptcy case 1:12-bk-18890-AA;

15.    Enter judgment and grant relief ordering that Defendants, each of them jointly and severally, are liable to Plaintiffs for willfully violating the Automatic Stay as to property of the Bankruptcy Estate and the Codebtor Stay;

16.    Order Defendants to cancel and withdraw from the public record all written instruments that were void *ab initio*;

17.    Enjoin Defendants, their successors in office, agents, employees, and all other persons in active concert and participation with them from taking any actions in violation of the Automatic Stay as to property of the Bankruptcy Estate and the Codebtor Stay;

18.    Award Plaintiffs actual damages incurred as a result of Defendants' conduct and to remedy the stay violations, including economic damages and damages for emotional distress;

19.    Award Plaintiffs punitive damages in an amount no less than $109,111.28 – the amount due on the Earnings Withholding Order (Wage Garnishment) dated April 27, 2013 for willful stay violations that were not remedied by Defendants after they received notice of the stay violations;

20.    Order the Defendants to dismiss the underlying collection action – case #PC049768 – with prejudice for willful stay violations that were not remedied by Defendants after they received notice of the stay violations;

21.    Award Plaintiffs their reasonable attorney fees and legal costs incurred to enforce compliance with 11 U.S.C. §§ 362, 1301 even if those fees and costs were advanced by their attorney; and

22.    Grant such other relief as may be just and proper.

//

//

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

1    Dated:        July 28, 2014      By:    */s/ PHILIP KOEBEL*

2                                             Philip E. Koebel, Esq.

3                                             Attorney for Plaintiffs

4                                             ANTHONY GUEVARA (Debtor),

5                                             CHRISTINE GUEVARA (Codebtor)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**